Philander Eddy *et al.*, Appellants, *v.* George Brady, Appellee.

#### APPEAL FROM GRUNDY.

In a plea of abatement, which traverses the affidavit upon which an attachment issued, oyer of the affidavit need not be craved.

The affidavit is the foundation of the suit, and is a part of the record.

Where an affidavit for an attachment states that the defendant left the State, with an intention to remove his effects, to defraud creditors, a plea in abatement, which traverses the affidavit, is not double.

The judgment for the defendant in a plea in abatement, whether it be on an issue of fact or law, is that the writ be quashed.

After a demurrer to a plea in abatement has been overruled, the court cannot grant leave to reply to the plea.

This cause was heard before Randall, Judge, at March term, 1855, of Grundy Circuit Court.

T. L. Dickey, for Appellants.

Glover and Cook, for Appellee.

Skinner, J. Eddy and Watkins sued out of the circuit court of Grundy county, an attachment against the estate of Brady. The affidavit alleges that Brady had departed from the State, with the intention of having his effects removed from the same, to the injury of his creditors.

Brady pleaded in abatement, traversing this allegation of the affidavit. Eddy and Watkins demurred generally to the plea; the court overruled the demurrer. Eddy and Watkins moved for leave to reply; the court overruled their motion, and rendered final judgment that the writ be quashed. Eddy and Watkins appealed to this court, and assign for error, the overruling their demurrer to the plea, and the refusal of the court to allow them to reply to the plea in abatement.

The appellants' counsel contend that the plea is defective; first, because it does not crave oyer, and set out the affidavit; second, because it is double, in traversing the whole of the allegation of the affidavit above set forth.

There was no occasion to crave oyer of the affidavit and set it out in the plea. The affidavit must be treated as a part of the record, and there is no occasion, if so treated, to crave oyer of it, or to set it out in the plea. It is the foundation of the proceeding, on file in the court, a part of the record of the cause, and to crave oyer of it, when accessible to both parties, would be a senseless form. Oyer is craved, and granted by the court, where some writing, usually upon which the suit is brought, is in possession of the opposite party, not accessible to the party craving oyer, and required by him for the purpose of ascertaining on inspection, whether the same is genuine, and for the purpose of pleading. *Mason* v. *Buckmaster*, Breese, 9; *Giles* v. *Shaw*, ibid. 169; Tidd's Prac. 586; 1 Chitty's Pl. 464.

We do not regard the plea as double. It does not present different defenses. The allegation of the affidavit, and which the plea traverses, is in its nature single, and upon the truth of it, the jurisdiction of the circuit court is based. This allegation is simply denied, with a conclusion to the country, and the common similiter only is required to form a complete issue.

Brady may have departed the State, and yet not with the intention of having his effects removed from the same, to the injury of his creditors. He may have had the intention of having his effects removed from the State, and yet not have, in fact, departed the State. In either case his effects could not be attached under the affidavit in this case. The whole allegation must have been true, to justify the attachment, and the statute expressly authorizes this plea, "traversing the facts in the affidavit." R. S. 65, Sec. 8.

Another question arises upon the decision overruling the demurrer. The demurrer is general, and duplicity in pleading can only be taken advantage of by special demurrer.

Demurrers to pleas in abatement, may be an exception to this rule, but it is unnecessary to decide this point, as the plea in this case is held good, even in special demurrer. 1 Chitty's Pl. 499; ibid. 701; Tidd's Prac. 638.

Did the court err, in refusing leave to reply to the plea in abatement? Pleas in abatement being dilatory defenses, are not favored; they are not amendable, they must be interposed at the first opportunity; yet, if a demurrer is sustained to such a plea, the judgment is *respondeat ouster*, and the defendant may plead to the action.

Why, then, upon principle, where the demurrer is overruled, the judgment should be final, and the plaintiff should not be allowed to take issue upon the truth of the plea, seems difficult to comprehend, and an anomaly in pleading. But such is the law, and the legislature alone is competent to change it.

The judgment for the defendant in a plea in abatement, whether it be on an issue in *fact* or in *law*, is, that the writ be quashed. The authorities are uniform on this point. Tidd's Prac. 642; 1 Chitty's Pl. 501; Stephens' Pl. 107; Gould's Pl. 299, Sec. 159.

It has twice been decided by this court, that after demurrer to a plea in abatement overruled, the court *cannot* grant the plaintiff leave to reply to the plea. *Motherell* v. *Beavers*, 2 Gil. 69; *McKinney* v. *Pennoyer et al.*, 1 Scam. 319. These cases are decisive of the point.

*Judgment affirmed.*