## Frank G. Logan et al. v. Dennis F. Sibley et al.

1. ATTACHMENTS—*Plea Denying the Affidavit Amendable.*—A plea, under section 27, chapter 11, R. S., entitled " Attachments," denying the affidavit upon which the attachment issued, is neither in name nor in effect a plea in abatement. In cases of original attachments it is a dilatory plea, but is amendable under the present law.

2. SAME—*When they do Not Lie Against the Owners of Patent Rights.* —A patent is the intangible right to a monopoly of the patented device, covering the whole territory of the United States, and an attachment will not lie against such owner upon the grounds that he is about to remove the same from the State.

Attachment.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

HAMLINE, SCOTT & LORD, attorneys for appellants.

CHARLES B. WOOD and HORACE S. OAKLEY, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellants commenced this suit against Sibley, by attachment, and their first complaint is that the court permitted Sibley to amend his plea first put in under Sec. 27, Ch. 11, "Attachments," denying the affidavit upon which the attachment issued. Before the present law of 1872, the plea was, in name and effect, a plea in abatement. R. S., 1845, Ch. 9, Sec. 8; Eddy v. Brady, 16 Ill. 306.

But under the law now in force, it is neither in name, nor in effect, a plea in abatement, though it is a dilatory plea in cases of original attachments, and therefore the plaintiff should always, if he wants speed, make his attachments in aid, under Sec. 31. Schulenburg v. Farwell, 84 Ill. 400.

Such a plea is, under the present law, amendable. Mc-Farland v. Claypool, 128 Ill. 397, does not decide, but implies, that proposition.

The brief of the appellant states " the only clear asset "

Sibley "had in Illinois were these patents for improvements in grain machinery." If a patent is considered as the paper on which it is written, it may be carried about—removed; but considered as property, it is the intangible right to a monopoly of the patented device, covering the whole territory of the United States wherever the owner may be. An owner may make a fraudulent disposition of it, or may be about so to do, but the affidavit did not state either of those grounds. It was only upon allegations of removal of property from the State that the attachment was sued out, under the third and fourth clauses of Sec. 1 of the attachment act. The only property Sibley had having no location, no more than has the law under which the patents issued, he could not remove it, and therefore there was no ground for the attachment. The appellants took judgment for the debt due to them, and that was all that they were entitled to.

If any irregularities occurred during the proceedings in the Superior Court, the appellants were not injured and can not complain. Dilworth v. Curts, 139 Ill. 508; Primley v. Shirk, 163 Ibid. 389.

The judgment is affirmed.