**Martin J. Berry and Mae Allen, Assignee of Martin J. Berry, Appellees, v. Walter Ackerman, Appellant.**

**Gen. No. 40,755.**

Heard in the second division of this court for the first district at the June term, 1939. Opinion filed May 28, 1940. Rehearing denied June 12, 1940.

MILLER, GORHAM, WESCOTT & ADAMS, of Chicago, for appellant; HERBERT C. DE YOUNG and ROBERT E. ENGLISH, both of Chicago, of counsel.

BERNARD ROSENCRANZ, of Chicago, for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court.

Martin J. Berry filed an affidavit in attachment on February 29, 1936, alleging that defendant, Walter Ackerman, was indebted to him on a certain promissory note dated April 12, 1929, of which he was the holder, for the sum of $3,500, with accrued interest; that Ackerman was not a resident of Illinois, but resided at 1370 Albany street, St. Paul, Minnesota; and that he had within two years last past fraudulently concealed or disposed of his property so as to hinder and delay his creditors. A writ of attachment issued February 29, 1936, made returnable March 18, 1936, was returned March 9, 1936, showing that the sheriff had levied on Ackerman's right, title and interest in two certain parcels of real estate situated in Cook county.

March 20, 1936, plaintiff filed his amended complaint and thereafter a notice of the issuance of the writ of attachment was published for three successive weeks in the Chicago Daily Law Bulletin, the first publication having appeared on March 21, 1936, and the last publication on the 4th day of April of that year. March 27, 1936, the clerk of the superior court filed his certificate showing that he had sent a copy of the notice published to Ackerman at his residence, 1370 Albany street, St. Paul, Minn. For some reason unexplained in the record, a second publication of notice was made in the Chicago Daily Law Bulletin, beginning May 2, 1936, and ending May 16, 1936, and May 7, 1936, the clerk of the

superior court filed another certificate showing that a copy of the notice of publication had been sent to Ackerman to the same address in St. Paul, Minn. In connection with both publications a certificate was issued by the Chicago Daily Law Bulletin showing that notice was published for three successive weeks, giving the first and last days on which the publication appeared and a copy of the notice, which is identical in both instances.

June 10, 1936, a judgment in attachment was entered in the superior court reciting the second publication in the Chicago Daily Law Bulletin; that a copy of the notice published had been mailed to Ackerman at 1370 Albany street, St. Paul, Minn.; that Ackerman had failed to file an answer or otherwise make his appearance in the proceeding and his consequent default; the entry of judgment against defendant on the promissory note with interest; and ordering that special execution issue against the lands and property of the estate attached.

A special writ of execution issued June 16, 1936, which was returned by the sheriff, showing that he had on June 17, 1936, levied on Ackerman's interest in two certain parcels of real estate within the county. The return also bears the indorsement of the clerk of the court, showing that the attachment judgment had been assigned to Mae Allen, and that her attorney had received from the sheriff the sum of $4,736.76 in full satisfaction of the execution.

June 22, 1936, after the judgment in attachment had been entered, plaintiff brought his suit in chancery in the superior court against Ackerman and others in aid of the special writ of *fieri facias* issued in the attachment proceedings to set aside certain transfers alleged to have been made by Ackerman of the two parcels of land which had been levied upon by the sheriff in the attachment proceeding. He alleged that the conveyances were a mere sham, that they were made without

consideration, and to defraud, delay and hinder plaintiff in the collection of his judgment; and he sought by this second proceeding to set aside the conveyances and make the real estate conveyed by Ackerman available to satisfaction for the judgment entered in favor of plaintiff in the attachment suit. Summons issued and pursuant to the filing of an affidavit of nonresidence and the mailing of a notice of the pendency of the suit to Ackerman at his residence, 1370 Albany street, St. Paul, Minn., a decree was entered in the superior court on January 28, 1938, finding that plaintiff had on June 10, 1936, recovered a judgment against Ackerman; that he was still the owner of the judgment which remained in full force and effect, not reversed, satisfied or otherwise vacated; that no portion thereof had been paid; reciting the several conveyances by Ackerman to his relatives and others, without consideration; setting aside, canceling and vacating the said conveyances as having been null and void as against plaintiff; and decreeing that plaintiff might proceed upon his writ of *fieri facias* issued upon the judgment rendered in the attachment suit, or upon another writ to be issued for that purpose, if necessary; and ordering the sheriff proceed to complete the levy upon the real estate conveyed by Ackerman and to sell all his interest therein in satisfaction of plaintiff's judgment, together with interest and costs.

December 1, 1938, approximately two and one-half years after the judgment in attachment was entered, and 10 months after the decree had been entered in the superior court in the proceeding in aid of the attachment judgment, Ackerman filed a petition in the superior court, "expressly limiting his appearance and that of his attorneys solely to the purposes of this petition," reciting the various steps in the attachment proceeding, including the judgment in attachment entered against defendant June 10, 1936, and the sale of the real estate levied upon by the sheriff, and seeking to

expunge from the record the judgment in attachment upon the principal ground that "notice . . . of the institution of and pendency of these proceedings and publication thereof were not given or made within a reasonable time from and after the execution and filing of the affidavit as to the nonresidence of your petitioner, and that by reason thereof the purported judgment in attachment . . . is null and void and of no force and effect."

To this petition plaintiff filed his answer by leave of court, which was afterward amended, averring that since the chancery proceedings brought in aid of the judgment in attachment involved the same subject matter and parties it settled the validity of the judgment in attachment on the principle of *res adjudicata*. Plaintiff averred further that the publication of notice in the attachment proceedings was in all respects regular and in accordance with the statute, and that the clerk of the superior court had executed and filed a certificate of mailing notice to defendant March 27, 1936, within 10 days after the first publication of said notice March 21, 1936, and only one day after the amended complaint was filed by plaintiff in that proceeding March 20, 1936. No reply was filed by defendant, Ackerman, to plaintiff's amended answer. The court denied the petition and defendant appeals.

As ground for reversal defendant advances the sole proposition that because of the lapse of time between the filing of the affidavit in attachment and the second publication the judgment is null and void and that the court erred in denying his petition to expunge the judgment from the record. Briefly stated defendant takes the position that plaintiff abandoned the first publication and that the default against defendant is necessarily predicated upon the second publication as evidenced by the judgment order; that the hiatus of 63 days between the making of the affidavit on February 29, 1936, and the second publication on May 2, 1936, was

such an unreasonable length of time as to render the judgment void in the absence of the personal appearance of defendant or actual service upon him; and that by reason of these circumstances the court should have expunged the judgment on defendant's petition. Several Illinois cases are cited to support this contention. The first of these is the early case of *Foster v. Illinski*, 3 Ill. App. 345. That also was an attachment proceeding. The affidavit alleging that defendants were nonresidents of the State was made on August 2, 1877, and filed in the office of the clerk of the circuit court on August 13, 1877, on which latter date the writ was issued. The attachment having come into the hands of the sheriff he levied on certain real estate within the county where the suit was instituted August 13, 1877, and made his return accordingly. It was assigned as error that the writ was improperly issued upon this affidavit, since the latter had been sworn to 11 days before it was filed in the clerk's office, and the court held that this was an unreasonable length of time. In discussing the question, the court pointed out that the affidavit is the foundation and the commencement of the suit; that although the statute does not provide in terms when it should be made, it is nevertheless necessary that the ground of attachment should exist at the time the proceeding is commenced; that the doctrine of presumption, as known in the law of evidence, that a certain fact or condition, having been proven to exist, its continued existence will be presumed until the contrary is shown, does not apply; and that the proceeding, being purely statutory, a substantial compliance with the provision of the statute is essential to the validity of the judgment. It was said, however, that the filing of the affidavit within a reasonable time after its date would be sufficient, and "what was a reasonable time must depend upon the circumstances of each case."

*Campbell v. McCahan*, 41 Ill. 45, was cited and relied upon in the *Illinski* case. In that proceeding McCahan

brought a bill in equity against defendants to cancel a decree and the proceedings under it which had been obtained by Campbell at a previous term of court. An affidavit of nonresidence of defendants was made 20 days before the bill was filed, and the question arose as to whether this hiatus in time operated to divest the court of jurisdiction to enter the decree. The court called attention to the fact that, by reason of the lapse of time, the affidavit failed to prove that defendants were nonresidents when the bill was filed; that although the Chancery Act was silent as to the time when the affidavit must be made, whether simultaneously with the order of publication or prior to the making of the order, a liberal construction of the statute would require that the suit be filed within a reasonable time after the date of the affidavit, and said (p. 48) : "If the affidavit were made years or even months before the order of publication, the time would be unreasonable. It may be difficult to determine what is a reasonable time within which the affidavit must be filed after it is sworn to; but that must depend on the circumstances of each case," and held that since plaintiff resided in an adjoining county, where his signature to the affidavit could have been procured in a day or two and filed promptly, the period of 20 days was unreasonable and failed to give the court jurisdiction of the person of the defendants.

*Rabbitt v. Frank C. Weber & Co.*, 297 Ill. 491, also cited and relied upon by defendant, presents a state of facts not pertinent to the circumstances of this case. It involved an attachment proceeding, however, and in the course of its opinion the court called attention to the fact that the affidavit is the foundation of the suit, and that it must meet the requirements of the statute in order to confer jurisdiction, if there is no personal service or appearance by defendants, citing *Eddy v. Brady*, 16 Ill. 306 and *Pullian v. Nelson*, 28 Ill. 112. The affidavit filed in that case lacked an essential ele-

ment required by the statute, and was held to be not sufficient to support the judgment. The bailiff had certified that he had mailed a notice to defendants at an address in Chicago where they did not reside, and one of the defendants to whom the notice was sent later appeared and alleged that she knew nothing about the suit. Under these circumstances, it was held that the affidavit for attachment was not merely defective, ''but it lacked entirely an essential element to confer jurisdiction.''

In these cases and others cited and relied upon by defendant the question presented was whether an unreasonable length of time had elapsed between the date on which the affidavit was made and the time when it was filed. The theory upon which the courts concluded that the affidavit must be filed within a reasonable time after it was made is pointed out in several of the decisions. The affidavit, being the foundation and commencement of the suit, it is important that it be filed within a reasonable time after its date, in order to confer jurisdiction upon the court; otherwise it is conceivable that a plaintiff might make and file an affidavit and delay further proceedings thereon for several months or years, as was done in *Baldwin v. Ferguson,* 35 Ill. App. 393, before the writ of attachment issues, and because of the unreasonable lapse of time that may intervene the defendant's place of residence may no longer be as indicated in the affidavit. In the case at bar the affidavit was made February 29, 1936, and filed on the same day, and the writ of attachment also issued concurrently with the making and filing of the affidavit on February 29, 1936. Under these circumstances we think the jurisdictional defects found in the cases relied upon by defendant have no application to this proceeding. If, as indicated by the decisions, the affidavit is the foundation and commencement of the suit, and no time whatever having intervened in these proceedings between the date of the affidavit, its filing, and the

issuance of the attachment writ, we perceive no reason why the court did not obtain jurisdiction and hold it until the judgment was entered.

The principal controversy between the parties, as presented in their briefs, is lodged in the fact that two publications were had. Defendant inferentially concedes that the first publication was made in apt time, but it is argued that this publication was abandoned and superseded by subsequent insertion of notice in the Chicago Daily Law Bulletin, and that too much time elapsed between the two dates. We are unable to ascertain why the second publication was made, but in the view we take it is immaterial. It is uncontroverted that before suit was instituted, and during the time when both the attachment proceeding and the chancery suit were pending, Ackerman resided at 1370 Albany street, St. Paul, Minn., and even as late as May 1, 1939, while the cause was pending here on appeal, one of the plaintiffs, in support of a motion for a rule on defendant to furnish a cost bond, filed an affidavit alleging that defendant still resided at the foregoing address. Moreover, the clerk of the superior court thrice mailed him copies of notice of publication in the two proceedings and he failed to appear at any time. It has never been contended that he did not receive these notices nor does he disclaim the debt upon which the suit is founded; he merely seeks to avail himself of the technical objection that the first publication was abandoned and superseded by the second. The reasonable inference is that he had notice. The authorities relied on by defendant do not support his contention that the lapse of time between the making and filing of the affidavit and the second publication renders the judgment null and void; the unreasonable length of time which the decisions discuss relates to the period between the making and filing of the affidavit and not to the hiatus between the making and filing of the affidavit and publication. Nevertheless, if that were the controlling question

we should be obliged to hold that under the circumstances of this case, defendant having at all times resided at the address stated in the affidavit, to which the clerk mailed him notices which he undoubtedly received and no contention being made to the contrary, the length of time intervening was not unreasonable, and that the court had full jurisdiction to enter the judgment in attachment. Certainly defendant was not in anywise prejudiced by the dual publication.

Plaintiff raises other points, including one that the finding as to the validity of the judgment in the chancery proceeding was *res adjudicata,* but in view of the conclusions reached on the only proposition advanced by defendant we consider it unnecessary to discuss them. We are of opinion that the court properly dismissed defendant's petition to expunge the judgment in attachment and the order of the superior court is affirmed.

*Order affirmed.*

SULLIVAN, P. J., and SCANLAN, J., concur.