**UNITED STATES v. SOTIS.**

No. 8046.

Circuit Court of Appeals, Seventh Circuit.
Nov. 16, 1942.

Harold J. Finder and David B. Rothstein, both of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty. and James J. Lewis, Asst. U. S. Atty., both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order, entered March 25, 1942, dismissing defendant's motion to vacate and set aside a decree, entered March 14, 1939, cancelling defendant's certificate of naturalization.

Defendant's motion was presented nearly three years after the decree was entered (at a subsequent term of court), but within a month after the defendant acquired knowledge thereof. The motion contested the jurisdiction of the court to enter the decree of cancellation on the ground that there was no personal service and the publication of notice did not constitute constructive service. Plaintiff answered such motion, which was subsequently withdrawn, and moved to dismiss defendant's motion on the ground that the court was without jurisdiction for the reason "that the said motion purports to attack a decree of this Court which has

become final, conclusive and binding, and that said motion is in truth and fact a bill of review to review or set aside a decree of this Court."

While there are some factual matters discussed in the briefs, we are convinced that our decision must rest upon the legal issues presented. Such issues arise from defendant's contention that the decree of cancellation was void because it was entered without the court having acquired jurisdiction over the person of the defendant or of his civil status, and plaintiff's contention that defendant's attack upon the cancellation decree was a bill of review of which the court was without jurisdiction.

As to whether the court acquired jurisdiction of the defendant requires a consideration, as well as a construction, of the law which authorizes constructive service of process. Such law is found in two statutory provisions, a federal and a state. The federal provision, Title 8 U.S.C.A., § 405 (1934 Edition), Act of June 29, 1906 (1942 Edition) U.S.C.A. Title 8, section 738, after authorizing the institution of proceedings for the purpose of setting aside and canceling a certificate of citizenship, provides, so far as here material:

"In any such proceedings the party holding the certificate of citizenship alleged to have been fraudulently or illegally procured shall have sixty days personal notice in which to make answer to the petition of the United States; and if the holder of such certificate *be absent from the United States or from the district in which he last had his residence,* such notice shall be given by publication in the manner provided for the service of summons by publication or upon absentees by the laws of the State or the place * * * such suit is brought."

The Illinois statute providing for the service of summons by publication (Chapter 110, Smith-Hurd Annotated Statutes, section 138) provides, so far as here material:

"Whenever, in any civil action affecting property or status within the jurisdiction of the court, or in any action at law to revive a judgment or decree, plaintiff or his attorney shall file, at the office of the Clerk of the court in which his suit is pending, an affidavit *showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this state,* so that process cannot be served upon him, and stating the place of residence of such defendant, if known, or that upon diligent inquiry his place of residence cannot be ascertained, the Clerk shall cause publication to be made in some newspaper published in the county where the suit is pending * * *."

It further provides, among other things, as to the form of the notice, when default may be entered and that the Clerk shall certify that a copy of such notice has been mailed to a defendant at the place of residence stated in the affidavit. (We have italicized the language of these statutory provisions material to the instant case.)

Plaintiff's petition to cancel defendant's certificate was filed October 28, 1937. Thereupon, a chancery subpoena issued out of the Clerk's office and was later returned by the United States Marshal endorsed, "The within named Charles Sotis not found in my district." Thereupon, an affidavit denominated "Affidavit of Non-residence", dated March 22, 1938, was filed in the Clerk's office March 28, 1938, which stated:

"That the defendant in the above entitled cause, on due inquiry cannot be found, so that process cannot be served upon said defendant. That upon due and diligent inquiry his place of residence cannot be ascertained. Affiant further states that the last known place of residence of said defendant in the United States, was Number 752 Oakwood Boulevard, Chicago, Illinois; that upon information and belief said defendant's place of residence is unknown. And further affiant sayeth not."

From a certificate of publication filed in the Clerk's office October 14, 1938, it appears that the notice was published in a Chicago newspaper for four successive weeks, and that the date of the first publication was September 13, 1938. On January 31, 1939, the court entered a decree pro confesso and thereby ordered that the defendant be defaulted for want of an appearance and answer, and that the allegations in the petitions be taken as confessed. On March 14, 1939, the court entered a final decree (the one now *sought to be set aside*) cancelling defendant's certificate and perpetually enjoining him from exercising thereunder any rights or privileges of citizenship.

In considering the question presented, it is pertinent to observe, so we think, that constructive service is in derogation of the common law, and that courts have, with great unanimity, required a

strict and literal compliance with a statute which authorizes such service. As was said in Galpin v. Page, 85 U.S. 350, 369, 18 Wall. 350, 21 L.Ed. 959:

"When, therefore, by legislation of a State constructive service of process by publication is substituted in place of personal citation, and the court upon such service is authorized to proceed against the person of an absent party, not a citizen of the State nor found within it, every principle of justice exacts a strict and literal compliance with the statutory provisions. And such has been the ruling, we believe, of the courts of every State in the Union."

In Illinois Valley Bank v. Edna S. Newman et al., 351 Ill. 380, 383, 184 N.E. 636, 637, the court said: "A party claiming the benefit of a decree upon constructive service must show a strict compliance with every requirement of the statute, and nothing else will invest the court with jurisdiction or give validity to a decree when the same is called in question in a direct proceeding."

With this rule of construction in mind, we now consider the statutory requirements for constructive service by publication in a proceeding to cancel a certificate of citizenship. It is defendant's contention that the attempted service was void because there was no allegation in the affidavit of non-residence, or otherwise shown of record, that the defendant was "absent from the United States or from the district in which he last had his residence" (the language of the federal Act). On the other hand, it is argued by the plaintiff that the allegation in the affidavit "on due inquiry cannot be found" complied with the Illinois provision, and was sufficient by reason of the following language of the federal Act: "Such notice shall be given by publication in the manner provided for the service of summons by publication or upon absentees by the laws of the State." It is not questioned but that there was compliance with the Illinois provision. Whether such compliance met the requirements of the situation is the question for decision.

■ A comparison of the federal and state provisions makes plain that the foundation for notice by publication is not the same. The foundation for such notice in the former is "absent from the United States or from the district," while in the latter the foundation is, "resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this state." There is no reason to think that Congress intended to embrace the foundation provided by state law; the suggestion is refuted by the fact that Congress fixed its own foundation for such notice. What Congress did do, after fixing its own foundation for such notice, was to provide for its publication "in the manner provided" by state law. This no doubt has to do with the place of publication, type of newspaper, form of notice and certificate of the Clerk that a copy of such notice has been mailed to the defendant's address as disclosed in the affidavit. In other words, the foundation or authority for publication is contained in the federal provision, the mechanism for its execution in the state provision. The allegation in the affidavit "that the defendant on due inquiry cannot be found," and "that upon due and diligent inquiry his place of residence cannot be ascertained," does not comply with the federal requirement that the defendant "be absent from the United States or from the district in which he last had his residence."

Of the numerous cases called to our attention, the one nearest in point appears to be that of Baker v. Baker, Eccles and Co., 162 Ky. 683, 173 S.W. 109, L.R.A. 1917C, 171 (this case was affirmed in 242 U.S. 394, 37 S.Ct. 152, 61 L.Ed. 386, without decision of the instant question). The Kentucky statute as to non-resident notice required an affidavit that the defendant be a non-resident and believed to be absent from the state. Civ.Code Prac. § 57. The affidavit stated that the defendant was a non-resident thereof, and gave her place of residence and post office address in the state of Tennessee. There was no averment, however, that the defendant was absent or believed to be absent from the state. The court held that this was an indispensable averment, without which the Clerk had no authority to publish the notice, and that service had upon such notice was void and conferred no jurisdiction. There is no occasion to analyze other cases relied upon by defendant. As heretofore stated, they are in general agreement that a literal and strict compliance with the statute is required.

It is argued by the plaintiff that the federal provision does not require that "absence from the district" be shown by affidavit. Even so, we think it must in some manner be disclosed by the record. In the instant case, there is nothing to

show compliance with the federal requirement. In fact, the record discloses noncompliance. Plaintiff relies upon the return of the Marshal, "The within named Charles Sotis not found in my district," but this return furnishes no aid or support to the affidavit. In fact, it is subject to the same fatal defect of non-compliance.

Defendant raises another serious question as to the validity of the publication notice, which, in view of what we have heretofore said, requires only brief discussion. As stated, the affidavit was executed March 22, 1938, and filed March 28, 1938, but the first publication was not made until September 13, 1938. Thus, some five and one-half months elapsed between the filing of the affidavit and the first publication of the notice. Defendant cites a number of cases which furnish rather strong support to his contention that the notice was void because of the unreasonable delay in its publication. In Atkinson v. Atkinson, 43 Utah 53, 134 P. 595, 47 L.R.A., N.S., 499, a lapse of one month was held fatal to jurisdiction. In New York Baptist Union v. Atwell, 95 Mich. 239, 54 N.W. 760, a delay of five days was held fatal. In Roosevelt v. Land & River Co., 108 Wis. 653, 84 N.W. 157, it was held that an affidavit dated fourteen days previous to filing would not confer jurisdiction. In Campbell et al. v. McCahan, 41 Ill. 45, where the person making the affidavit resided in an adjoining county, it was thought that a reasonable time might elapse for the transmission of the affidavit to the place where it was to be used. Twenty days had elapsed between the making and the filing of the affidavit. The court, on page 49 of 41 Ill., said:

"This affidavit, then, was made too long before it was filed, to authorize the publication, and the law not having been complied with in this respect, the publication was unwarranted, and being so, it failed to give the court jurisdiction of the person of the defendants."

Plaintiff suggests that the delay in the Campbell, as well as other cases cited by the defendant, occurred between the making and filing of the affidavit rather than between its filing and publication. True, this distinction was pointed out in Berry v. Ackerman, 305 Ill.App. 554, 562, 27 N.E. 2d 551, but the opinion does not disclose and we are not able to discern in what manner such distinction affects the legal consequences. It would seem that an unreasonable delay in publication would circumvent the purpose of the statute just as effectively as an unreasonable delay in the filing of the affidavit. The presumption as to a continuance of the jurisdictional facts alleged in the affidavit would be weakened or destroyed in one instance the same as in the other. A review of the Illinois authorities, including the Campbell case, is found in Illinois Valley Bank v. Newman, supra, wherein the court quotes extensively from and reaffirms what was said in the Campbell case. It held that the publication of notice in March, 1927, upon an affidavit filed on May 20, 1926, gave the court no jurisdiction over the person of the defendant.

The record in the instant case discloses no circumstances which would justify the unreasonable delay in publishing the notice. The only explanation offered by the plaintiff is that for reasons of economy a group of such cases is allowed to assemble, and publication is made for all at one time. It is not seriously contended, however, that such reason furnishes any legal justification. We are of the opinion that the delay was such as to invalidate the notice.

Plaintiff, in support of its contention that the court at a subsequent term was without jurisdiction to entertain the motion to set aside its order of cancellation, cites a number of authorities, among which are: In re Metropolitan Trust Company of City of New York, 218 U.S. 312, 31 S.Ct. 18, 54 L.Ed. 1051; West Disinfecting Co. v. Rosenthal, 3 Cir., 56 F.2d 320, 322; and Publicker v. Shallcross, 3 Cir., 106 F.2d 949, 126 A.L.R. 386. In none of such cases, however, was the order or decree under attack entered without jurisdiction of the person. The same may be said as to cases such as Zegura v. United States, 5 Cir. 104 F.2d 34, wherein it was held that the attack upon a cancellation decree in a naturalization matter after the decree had become final, was a bill of review, and inasmuch as the United States had not given its consent to be sued, the petition was dismissed for want of jurisdiction. In that case, the proceeding was to reopen for error apparent on the record. It was not claimed that the court was without jurisdiction, either of the subject matter or the person.

There can be no question about the rule in Illinois, and so far as we are

advised it is no different in other jurisdictions. In Anderson v. Anderson, 292 Ill.App. 421, on page 428, 11 N.E.2d 216, on page 219, in response to the same contention as advanced in the instant situation, the court said: "* * * it is sufficient to say that, where a decree or judgment is void for want of jurisdiction of the person of the defendant, it is a nullity and may be expunged from the records of the court at any time. It is universally conceded that a judgment void for want of jurisdiction over the person of a defendant may be vacated on motion, irrespective of lapse of time. Freeman on Judgments (2d Ed.), § 98. A court has power to vacate a judgment or decree at any time after expiration of the term at which it was rendered, where the court was without jurisdiction to enter such judgment or decree. City of Chicago v. Nodeck, 202 Ill. 257, 67 N.E. 39; Sherman & Ellis, Inc., v. Journal of Commerce, 259 Ill.App. 453; Feikert v. Wilson, 38 Minn. 341, 37 N.W. 585."

It is, therefore, our conclusion that the court acquired no jurisdiction of defendant's person and that its decree of March 14, 1939, cancelling his naturalization certificate was a nullity. Further, we are of the view that the court had jurisdiction to expunge such decree whenever the jurisdictional question was called to its attention. It follows that defendant's motion, made for such purpose, was erroneously dismissed. The cause is reversed, with directions that it be sustained.