**1000**

Chester L. Sumners, U. S. Atty., of Oxford, Miss., for appellant.

Aubrey H. Bell, of Greenwood, Miss., and Phil Stone, of Oxford, Miss., for appellee.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal has to do in a rather unusual way with a denaturalization proceeding filed in the same court which granted the naturalization. The order it brings up vacated the denaturalization order, dismissed the denaturalization petition as without equity, and directed the clerk to issue and deliver to appellee a certified copy of his naturalization certificate.

These are the facts:

On January 28, 1924, appellee was admitted to citizenship in the United States District Court for the Northern District of Mississippi.

On January 25, 1940, in a denaturalization suit,[1] in which service was had by publication, the court entered a judgment vacating its prior order admitting appellee to, and his certificate of, citizenship, and requiring that the certificate be surrendered to the United States.

In 1946, appellee filed in that cause his motion[2] to vacate and set aside as void for want of jurisdiction the judgment of cancellation.

In opposition to the motion, appellant urged: (1) That the publication statutes of Mississippi were sufficiently complied with; (2) that, if not, the defect was not apparent of record, and the attack upon the judgment was a collateral one which could not be maintained; (3) that the motion is barred by limitation and laches; and (4) that the motion failed to show a meritorious defense to the cause of action which was the basis of the judgment.

The district court, of the opinion that the publication was not in accord with Mississippi statutes and that the judgment of cancellation was therefore void, vacated the judgment of denaturalization and gave defendant fifteen days in which to answer in the suit. Issue having been joined and testimony taken, the district judge concluded, and so ordered, that the petition for cancellation "should be and it is dismissed for failure of proof that the certificate of naturalization was obtained by fraud."

Appellant is here insisting that, under Zegura v. United States, 5 Cir., 104 F.2d 34, the motion was in effect a suit against the United States without its consent to be sued, and the judgment it appeals from was, therefore void. In the alternative, appellant seeks a reversal of the judgment on these grounds: (1) That appellee was barred by laches from bringing the proceeding; (2) that the evidence required a judgment that appellee procured his naturalization by fraud; (3) that the defendant had gained entrance into the United States illegally and by false pretenses, and upon the principle, "He who comes into equity must come with clean hands," was without right to file the motion on which he prevailed; and (4) that the undisputed evidence showed that the appellee had served in the Greek army and taken an oath of allegiance to Greece, and had, therefore, become an ex-patriate and lost his citizenship.

To the point that the court was without jurisdiction, appellee, citing United States v. Sotis, 7 Cir., 131 F.2d 783 and Jones v. Watts, 5 Cir., 142 F.2d 575, 163 A.L.R. 240,

---

[1] United States of America, Plaintiff, v. John Alexander Kiriaze, Defendant, No. 65 Civil, District Court of the United States for the Northern District of Mississippi.

[2] The contention made was that the judgment was based upon citation by publication under the Mississippi laws and there had been a failure to comply therewith.

replies that this is not a new suit like Zegura's was by bill of review for relief against the judgment for error, but is a motion filed in the same cause for relief against a judgment as void.

To the contention that laches had barred his suit, appellee replies that in the state of world turmoil, especially that prevailing in unhappy Greece where appellee found himself caught at the beginning of the war, the district judge was right in rejecting the defense.

To appellant's claim that the judgment for him was erroneous appellee, citing Meyer v. United States, 5 Cir., 141 F.2d 825, Schneiderman v. United States, 320 U. S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796, and Knauer v. United States, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1504, replies that this case was fully heard by the district judge, and the record supports his judgment.

To appellant's point that he fraudulently re-entered the United States, appellee apposes a vigorous denial. Pointing to the fact that the proof shows that at all times he kept the immigration authorities advised of the fact of his arrival and whereabouts, and that his only purpose in coming in and his only act after coming in was to submit himself to the jurisdiction of the court, he insists that the defense of clean hands has no possible application here.

The final point urged for reversal, appellee answers by calling to our attention that the judgment and order of the court, which refused to cancel plaintiff's citizenship for fraud in acquiring it, was, however, entered "without prejudice to the government's right to maintain such suit or take such action as it may deem proper on the ground that the plaintiff has become ex-patriated or lost his rights as a naturalized American citizen. The sole question determined by the court is that the defendant did not originally obtain his naturalization through fraud."

 We agree with appellee. In the Supreme Court case of Klapprott v. United States, 69 S.Ct. 384, the nature and im-

portance of a denaturalization decree was fully discussed. It was, in that case and the other cases, supra, made clear that citizenship once acquired cannot be lightly taken away. When, then, the United States, as here, seeks not by actual notice to the citizen but by substituted service by publication to deprive him of this priceless right, it must strictly comply with the statute authorizing such service.

That it did not strictly comply with the statute, we think may not be doubted. Matters standing thus, appellant will not be permitted in this kind of case to say that the departures from strict compliance were not material. United States v. Sotis, 7 Cir., 131 F.2d 783. It is for the legislature to prescribe the steps, for the litigant to comply with them.

 We are, therefore, in no doubt that the district judge was right in holding that the process was insufficient to support the judgment of denaturalization and that the judgment was void. This being so, it was entirely proper for the judge, on motion of appellee filed in the same cause, to declare the judgment void and vacate and set it aside, and to set the cause down for trial on the issue tendered in the petition for cancellation. Having done so and having fully heard evidence on the tendered issue whether or not the original certificate was obtained by fraud, that is without a real intention to be and remain a citizen of the United States, it was entirely proper for the judge to hold: (1) That appellee was entitled to be heard upon the issue; and (2) that on the record made the certificate was not obtained by fraud.

 Finally, as to the last defense, that appellee was not entitled to judgment in the denaturalization suit because he had become an ex-patriate and thereby lost his citizenship, we agree that the district judge took the proper course in settling and determining the issue tendered by the denaturalization suit, without prejudice to further claim and action by the government upon whether appellee had ex-patriated himself. The judgment was right. It is affirmed.