SEBASTIANO v. UNITED STATES.

Civ. No. 27925.

United States District Court
N. D. Ohio, E. D.

Feb. 19, 1951.

Motion for Reconsideration Denied
May 24, 1951.

S. T. Brinsky and Brinsky & Brinsky, all of Cleveland, Ohio, for plaintiff.

Don C. Miller, Dist. Atty., Cleveland, Ohio, for defendant.

JONES, Chief Justice.

Plaintiff commenced an independent suit through his attorneys (plaintiff not being in the United States) seeking to have set aside, vacated and held for naught a decree entered in this Court on November 17, 1939, Civil No. 19912, revoking and cancelling plaintiff's certificate of naturalization issued November 22, 1926.

It is the law that the United States may not be sued by independent action unless by waiver of immunity or consent to suit. Zegura v. U. S., 5 Cir., 104 F.2d 34; Jones v. Watts, 5 Cir., 142 F.2d 575, 163 A.L.R. 240; U. S. v. Sotis, 7 Cir., 131 F.2d 783; U. S. v. Kiriaze, 5 Cir., 172 F.2d 1000; U. S. v. Haas, D.C., 58 F.Supp. 179. Plaintiff asserts, however, that his action, while taking the appearance of an independent action, is nevertheless no other or different in nature and essence from proceedings brought under favor of Fed.Rules Civ.Proc. rule 60(b) (6), 28 U.S.C.A.

But even if this be accepted as a sound and sufficient legal proposal, nevertheless, the time elapsed, the absence of any probative facts to support a valid defense or to justify the invocation of Rule 60(b) (6) and its application or availability, impair the legal status of this action. The plain fact is that under the conceded history, and facts not disputed, respecting plaintiff's action and conduct immediately, and for several years following the granting of citizenship to him, make it clear that the plaintiff could not present a plausible or reasonable defense to the action to cancel and revoke his citizenship.

Beginning in December of 1926, barely a month after his admission to citizenship on November 22, 1926, he began a series of successive returns to Italy for visits, ostensibly, to his family for various periods of years at a time. His family, nor any member of it, during that period was ever brought to the United States. He served in the Italian army from March to October, 1927, and took an oath of allegience to Italy on June 21, 1927, less than one year after securing American citizenship.

Plaintiff's neglect, his extended and continued absence from the Country and his failure over the years to take any action before now, with full knowledge since 1939 of the decree against him, has not made a case calling for a present attack on or a defense to the decree of November 17, 1939.

For these reasons the motion of the United States to dismiss the complaint must be sustained.

### On Motion for Reconsideration

A decree was entered in this Court on November 17, 1939, Civil No. 19912, revoking and cancelling plaintiff's certificate of naturalization issued November 22, 1926. Plaintiff by an independent suit commenced on December 26, 1950, sought to have this decree vacated. The court sustained a motion of the United States to dismiss the complaint, and an order of dismissal was

entered on February 20, 1951. It was clear to the court that plaintiff could not present a plausible or reasonable defense to the action to cancel and revoke his citizenship.

Plaintiff now moves the court to reconsider its order of dismissal because of new evidence which has been tendered in the way of affidavits relating to translated copies of proceedings in Italy in connection with desertion from the Italian army, and a statement respecting illness of plaintiff's wife.

Plaintiff's new evidence adds nothing to the conceded history and undisputed facts upon which this court based its order of dismissal, nor does it impair the reasons for entry of that order. The present motion must, therefore, be denied.