**Shirly Dacanay VALERIO, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. Civ. 99–00215SPK.**

United States District Court, D. Hawaii.

Dec. 20, 1999.

**1010**

William F. Thompson, III, Maile M. Hirota, Lynch Ichida Thompson & Kim, Honolulu, HI, for petitioner.

Mary Reiko Osaka, Special Assistant U.S. Attorney, Thomas A Helper, Assistant U.S. Attorney, Steven S. Alm, United States Attorney, Honolulu, HI, David W. Ogden, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., for respondent.

*ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND GRANTING PETITIONER'S MOTION FOR SUMMARY JUDGMENT*

SAMUEL P. KING, District Judge.

Petitioner Shirly Dacanay Valerio ("Valerio") appeals the decision of Respondent United States Immigration & Naturalization Service ("INS") denying her application for naturalization. The INS based the denial on its conclusion that Valerio was not "lawfully admitted for permanent residence" as required by 8 U.S.C. § 1427(a). Valerio seeks judicial review of that decision pursuant to 8 U.S.C. § 1421(c). The Court VACATES the decision of the INS and REMANDS for further proceedings.

## I. BACKGROUND

Valerio was admitted to the United States as a permanent resident on September 25, 1988, at age fourteen. She has resided in the United States for the past eleven years, living in Hawai'i and attending high school there. She is presently twenty-five years old.

On July 24, 1997, Valerio applied for naturalization. After she was interviewed by an immigration examiner on June 24, 1998, Valerio received notice that she had passed the English, history, and government tests. In addition, she was told that she had to submit a notarized explanation regarding previous claims of being a United States citizen. She complied with this requirement on July 16, 1998.

Shortly thereafter, on August 8, 1998, the INS District Director denied Valerio's application for naturalization. Valerio requested a re-hearing pursuant to 8 U.S.C. § 1447, and on November 23, 1998, the District Director issued a decision re-affirming its prior decision. The District Director determined that Valerio was not "lawfully admitted for permanent residence" in the United States pursuant to 8 U.S.C. § 1427(a), and thus, ineligible for naturalization.

This determination was the product of a series of inferences based on the immigra-

tion history of Valerio and her parents. Valerio was admitted for permanent residence as the child of a United States citizen based on a visa petition filed on her behalf by her mother, Francisca D. Valerio ("Mrs.Valerio").. Mrs. Valerio immigrated to the United States on March 14, 1982, as the spouse of a lawful permanent resident, namely Valerio's father, Antonio R. Valerio ("Mr.Valerio"), and became naturalized on December 9, 1987. Going one step further in the chain of events, Mr. Valerio entered the United States as the unmarried son of a lawful permanent resident on November 18, 1977, and was naturalized on March 14, 1982. However, the INS later discovered that his claim of being an "unmarried" son was false since, at the time of his entry into the United States, he was in fact married to Mrs. Valerio. Mr. Valerio was convicted of unlawful procurement of naturalization on February 19, 1991, and the INS subsequently revoked his citizenship. However, Mrs. Valerio remains a United States citizen to date.

From this set of facts, the INS surmises that "[since] Valerio's father was not lawfully admitted to the United States, Valerio's mother's admission was also tainted, and ... [t]herefore, [she] could not lawfully petition for Valerio herself to immigrate to the United States." Mem.Supp.Mot. Dismiss at 7–8. Valerio argues that the INS's logic does not sustain its denial of her application for naturalization.

Valerio petitioned for judicial review on March 23, 1999. The INS filed a Motion to Dismiss and Valerio filed a Motion for Summary Judgment.[1] Both motions are now before the Court.

## II. STANDARD OF REVIEW

The Court reviews de novo the decision of the INS denying an application for naturalization. 8 U.S.C. § 1421(c). De novo review is appropriate where the matter before the Court is a question of law, as

here. *See Monet v. I.N.S.*, 791 F.2d 752, 753 (9th Cir.1986); *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

## III. DISCUSSION

At issue is whether Valerio was "lawfully admitted" under a visa petition filed on her behalf by her mother, whose own citizenship is in potential jeopardy. The INS maintains she was not. The Court disagrees.

The INS does not dispute that Valerio entered the United States in a procedurally regular fashion. Rather, the INS argues that "what is essential is lawful status, not · regular procedure." *In re Longstaff,* 716 F.2d 1439, 1441 (5th Cir. 1983). · This principle, according to the INS, compels the conclusion that Valerio was not "lawfully admitted for permanent residence."

The INS's position flows from the fact that Mr. Valerio entered the United States under a false claim. The illicit manner by which Valerio's father procured his citizenship taints Mrs. Valerio's immigration status, which in turn renders Valerio herself an unlawfully admitted alien. This was a family effort, the INS suggests, representing a "well-executed scheme of unlawful immigration." Resp't's Memo. Opp.Summ.J. at 6.

Intuitively appealing as it may seem to elevate substance over form, the INS's argument assumes too much. In its vigorous pursuit of substantive truth, the INS has neglected to observe procedure. The Immigration and Nationality Act (the "Act"), 8 U.S.C. §§ 1101 *et seq.,* governs the process of immigration and naturalization. We now turn to the relevant provisions of the Act.

Section 316 of the Act requires that an applicant for naturalization be "lawfully admitted for permanent residence".[2]

---

**1.** Instead of filing a memorandum in opposition to the INS's Motion to Dismiss, Valerio filed a Motion for Summary Judgment. The Court will consider the Motion for Summary

Judgment individually rather than construe it as a response to the Motion to Dismiss.

**2.** Section 316 of the Act provides, in relevant part:

Whether Valerio was lawfully admitted hinges on the validity of the visa she obtained through the petition her mother filed on her behalf.

Section 204(a)(1)(A)(i) of the Act provides that "any citizen of the United States claiming that an alien is entitled to . . . an immediate relative status under § 1151(b)(2)(A)(i) of this title may file a petition with the Attorney General for such classification." 8 U.S.C. § 1154(a)(1)(A)(i). An "immediate relative" includes "children . . . of a citizen of the United States." 8 U.S.C. § 1151(b)(2)(A)(i). Once an alien is conferred "immediate relative" status, an immigrant visa will issue pursuant to section 221 of the Act, 8 U.S.C. § 1201(a). The record is clear that Mrs. Valerio observed these procedures in obtaining a visa for Valerio: as a citizen of the United States, Mrs. Valerio was entitled to petition for a visa for her daughter, an immediate relative. The controversy lies instead in Mrs. Valerio's status as a United States citizen.

The INS assumes that the revocation of Mr. Valerio's citizenship also rendered Mrs. Valerio's citizenship void. Stripped of her citizenship, Mrs. Valerio was not entitled to petition for a visa on Valerio's behalf. The logical end to this proof is that Valerio did not enter the United States on the basis of a valid visa, and thus, was not "lawfully admitted."

> No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years. . . .
>
> 8 U.S.C. § 1427(a).

**3.** The decision whether to institute denaturalization proceedings is discretionary. In exercising its discretion, the Justice Department is guided by the longstanding policy that denaturalization should not be sought "unless some substantial results are to be achieved thereby in the way of betterment of the citizenship of the country." Department of Justice Circular Letter No. 107, Sept. 20, 1909 § 15; *see also*

The INS has gotten ahead of itself—at best, its argument is premature. Mrs. Valerio's citizenship has not been revoked. The Act sets forth specific procedures for denaturalization which the INS has yet to invoke.[3] Section 340(a) of the Act requires a United States attorney to submit an affidavit showing good cause to institute revocation proceedings.[4] *See* 8 U.S.C. § 1451(a). The proceeding must be brought in a district court. *See id.* The party alleged to have procured naturalization unlawfully is entitled to sixty days' personal notice of the proceeding. *See* 8 U.S.C. § 1451(b). Strict compliance with the personal notice requirement is required, or else a judgment of denaturalization is void. *See United States v. Kiriaze,* 172 F.2d 1000, 1002 (5th Cir.1949).

Once a denaturalization proceeding is initiated, the United States carries a heavy burden to prove that a naturalized citizen should be stripped of citizenship. *See Costello v. U.S.,* 365 U.S. 265, 269, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). The United States must prove the alleged illegal procurement by clear and convincing evidence. *See Schneiderman v. United States,* 320 U.S. 118, 125, 63 S.Ct. 1333, 87 L.Ed. 1796 (1943); *Friend v. Reno,* 172 F.3d 638, 646 (9th Cir.1999). This heightened standard of proof is especially necessary "when the attack [on one's citizenship] is made long after the time when the certificate of citizenship was granted and

7 Charles Gordon et al., *Immigration Law and Procedure* § 96.09 (rev. ed.1999); 3C Am. Jur.2d *Aliens and Citizens* § 3039 (1998). In light of this policy, a twelve-year citizen of apparent good standing such as Mrs. Valerio would seem to be an unlikely target of denaturalization proceedings.

**4.** Denaturalization proceedings may be judicial, *see* 8 U.S.C. § 1451(a), or administrative, *see* 8 U.S.C. § 1451(h). The latter approach is irrelevant in this case since administrative denaturalization may not be initiated more than two years after the naturalization. *See* 8 C.F.R. § 340.1(b)(1). Any administrative proceeding to denaturalize Mrs. Valerio must have occurred by December 9, 1989, two years after she was naturalized on December 9, 1987.

the citizen has meanwhile met his obligations and has committed no act of lawlessness." *Schneiderman*, 320 U.S. at 122–23, 63 S.Ct. 1333.

 It is eminently obvious that divestment of citizenship in disregard of these procedures would violate due process. Yet, that is in effect what the INS urges the Court to do. No denaturalization proceedings against Mrs. Valerio have commenced, much less produced a judicial determination that she is not entitled to citizenship. Not deterred, the INS would have the Court conclude that she is not a citizen, and thus, was ineligible to petition for a visa on her daughter's behalf. This is not the law. Whether Mrs. Valerio should be stripped of her citizenship twelve years after she was naturalized is an issue properly resolved in a denaturalization proceeding governed by the Act's procedures. In the absence of such due process, the INS cannot assume that Mrs. Valerio is not a citizen. While it is true that "[t]he term 'lawfully' denotes compliance with substantive legal requirements, not mere procedural regularity," *Monet v. I.N.S.*, 791 F.2d 752, 753 (9th Cir.1986), substantive correctness does not justify the derogation of procedure. *See Bennett v. Spear*, 520 U.S. 154, 172, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (noting that "discretion as to the substance of the ultimate decision does not confer [an agency] discretion to ignore the required procedures of decisionmaking.").

The INS does commend two Ninth Circuit cases to the Court which it asserts are controlling authority. *See Lai Haw Wong v. INS*, 474 F.2d 739 (9th Cir.1973); *Monet*, 791 F.2d 752. Both cases are distinguishable.

In *Lai Haw Wong*, the petitioners, a mother and her two sons, appealed the decision of the Bureau of Immigration Appeals ("BIA") finding them to be deportable. The petitioners were admitted for permanent residence under a derivative fourth preference visa through their husband and father, Mr. Wong. In fact, however, their admission was a mistake because Mr. Wong had never been admitted. The petitioners nonetheless claimed that their admission on visas rendered them lawful permanent residents. The Ninth Circuit held that the mistaken admission did not confer them with lawful status. *See id.* at 742.

*Monet* also occurred in the context of a deportation proceeding. In that case, the INS found the petitioner deportable because he concealed a prior conviction for possession of marihuana when he first entered the United States. The petitioner requested a discretionary waiver of deportation on the ground that he was an alien "lawfully admitted for permanent residence," which the BIA denied. The Ninth Circuit affirmed on the basis that his conviction, if disclosed at the time of entry, would have prevented him from obtaining permanent resident status. Citing the Fifth Circuit's decision in *In re Longstaff*, 716 F.2d 1439 (5th Cir.1983), *cert. denied*, 467 U.S. 1219, 104 S.Ct. 2668, 81 L.Ed.2d 373 (1984), the court reasoned that the term "lawfully admitted" means "compliance with substantive legal requirements, not mere procedural regularity." *Monet*, 791 F.2d at 753. Thus, the petitioner was not eligible for a waiver because his admission into the United States was not substantively proper.

*Lai Haw Wong* and *Monet* are analogous to the instant case, but they differ in one significant respect. Both cases involved the question of whether admission on a visa issued by mistake or under fraud conferred lawful status on the visa recipient. Thus, the validity of the visa turned solely on whether misrepresentations or misconceptions clouded the grant of the visa petition. The alleged misrepresentation here concerns Mrs. Valerio's—not her daughter's—status as a citizen. Whereas the procedure for attacking the validity of a visa petition on fraudulent or illegal procurement grounds is the deportation proceeding itself, *see* 8 U.S.C. § 1227(a)(1)(A), an attack on citizenship *after* it has been

granted requires a different process, namely that established in Section 340(a) of the Act. Thus, unlike the petitioners in *Lai Haw Wong* and *Monet,* Valerio cannot be considered unlawfully admitted unless her mother's citizenship has been revoked in a denaturalization proceeding that comports with due process.

One issue remains. The INS contends that even if Valerio did not actively engage in misrepresentation, her mother's knowledge that Valerio was ineligible for a visa is imputable to her. *See Senica v. I.N.S.,* 16 F.3d 1013 (9th Cir.1994). This argument, however, does not escape the fact that Mrs. Valerio was a naturalized citizen when she filed the visa petition. Her representation of citizenship on the visa petition remains valid to this day. Therefore, there simply is no fraudulent knowledge on the record to impute to Valerio.

Having exhausted its review of the INS's arguments, the Court returns to the ultimate disposition it is asked to render in this case. The INS erred in denying Valerio's application for naturalization on the ground that she was not "lawfully admitted for permanent residence." The INS cannot fairly make that determination unless and until it revokes Mrs. Valerio's citizenship pursuant to the Act's procedures.

## IV. *CONCLUSION*

The INS's Motion to Dismiss is DENIED and Valerio's Motion for Summary Judgment is GRANTED. The decision of the INS is therefore VACATED, and the case is REMANDED for further proceedings consistent with this decision.

IT IS SO ORDERED.