**Neil MONET, Petitioner,**

**v.**

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

**No. 84–7497.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 20, 1985.

Decided June 10, 1986.

William F. Thompson, III, Honolulu, Hawaii, for petitioner.

Marshall Tamor Golding, Dept. of Justice, Washington, D.C., for respondent.

Before SKOPIL, FLETCHER, and ALARCON, Circuit Judges.

SKOPIL, Circuit Judge:

Neil Monet petitions for review of an order of the Board of Immigration Appeals (BIA) denying his request for a waiver of deportation under 8 U.S.C. § 1182(c) (1982). The BIA ruled that Monet was statutorily ineligible for such discretionary relief because he had never acquired lawful perma-

nent resident status. We agree and deny the petition.

## FACTS AND PROCEEDINGS BELOW

Monet, a native and citizen of India, entered the United States in 1972 as a visitor for pleasure. He successfully sought an adjustment of status to permanent resident alien pursuant to 8 U.S.C. § 1255. In 1979 the Immigration and Naturalization Service (INS) instituted deportation proceedings against him. An immigration judge found Monet deportable under 8 U.S.C. § 1251(a)(11), which provides for deportation of any alien "who at any time has been convicted of a violation of ... any law relating to the illicit possession of or traffic in narcotic drugs or marihuana." Monet was convicted of possession of marijuana for sale in Denmark in 1970. He concealed that fact when he entered the United States and when he sought his adjustment of status to permanent resident alien.

## DISCUSSION

The issue presented here—whether, as a result of a prior conviction, petitioner was never "lawfully" admitted for permanent residence within the meaning of section 1182(c)—is a question of law. *See Mawji v. I & NS*, 671 F.2d 342, 343 (9th Cir.1982) (nondiscretionary refusals to adjudicate petitions are subject to review on appeal for errors of law). Our review is *de novo*. *See United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (*en banc*) (*de novo* review applies to all questions of law), *cert. denied*, —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

A discretionary waiver of deportation is available to "[a]liens lawfully admitted for permanent residence" who have accrued seven years of "lawful unrelinquished domicile". 8 U.S.C. § 1182(c). The term "lawfully admitted for permanent residence" is defined as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws." 8 U.S.C. § 1101(a)(20). Although section 1182(c) applies on its face only to

exclusion proceedings, it has long been interpreted to apply to deportation proceedings as well. *See, e.g., In re G.A.*, 7 I & N Dec. 274, 276 (1956); *In re F*, 6 I & N Dec. 537, 537–38 (1955). We have approved that application. *Tapia-Acuna v. I & NS*, 640 F.2d 223, 224 (9th Cir.1981); *Castillo-Felix v. I & NS*, 601 F.2d 459, 462 (9th Cir.1979).

Monet argues the BIA erred in concluding that he was never lawfully admitted into the United States. It is clear, however, that his conviction would have precluded him under section 1251(a)(11) from obtaining permanent resident status. Thus the BIA reasoned that "he had not been *lawfully* accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, ... and is not eligible for section [1182(c) ] relief." (Emphasis in original; citations and internal quotes omitted.)

We agree that section 1182(c) relief is unavailable to an alien who was not lawfully admitted. Considerable deference is due an agency's interpretation and application of a statute it administers. *Hawaiian Electric Co. v. United States Environmental Protection Agency*, 723 F.2d 1440, 1447 (9th Cir.1984). There is sufficient authority to uphold the BIA's conclusion. In *Lai Haw Wong v. I & NS*, 474 F.2d 739, 741 (9th Cir.1973), we approved the BIA's ruling that aliens' admissions on visas to which they were not entitled conferred no lawful status on the aliens for purposes of obtaining relief from deportation. Similarly, in *In re Longstaff*, 716 F.2d 1439, 1441 (5th Cir.1983), *cert. denied*, 467 U.S. 1219, 104 S.Ct. 2668, 81 L.Ed.2d 373 (1984), the Fifth Circuit held that an alien who received a visa and was admitted in a procedurally regular fashion was not thereby "lawfully admitted". The court reasoned:

> That narrow reading of the term "lawfully admitted" distorts its meaning. Admission is not lawful if it is regular only in form. The term "lawfully" denotes compliance with substantive legal requirements, not mere procedural regularity, ....

The provisions concerning deportation demonstrate that what is essential is lawful status, not regular procedure. An alien is subject to deportation if "at the time of entry [he] was within one or more of the classes of aliens excludable by the law existing at the time of such entry."

*Id.* at 1441–42 (quoting 8 U.S.C. § 1251(a)(1)) (footnote omitted). We conclude that eligibility under section 1182(c) requires "lawful" admission.

Notwithstanding the "unlawfulness" of Monet's admission, he contends that the five year statute of limitations found in 8 U.S.C. § 1256 bars the INS from attacking his status as a permanent resident. He relies on *Fulgencio v. I & NS,* 573 F.2d 596, 598 (9th Cir.1978), in which we noted that rescission proceedings are governed by section 1256 and that after the five year period an alien's status is unassailable. We have rejected, however, application of the five year limitations period to deportation proceedings. *Oloteo v. I & NS,* 643 F.2d 679, 683 (9th Cir.1981). In *Oloteo* we relied in part on the distinction between the customary entry by visa and the "adjustment-in-status" method of obtaining permanent residency. We reasoned that the five year limitations period in section 1256 applies only to rescission of "adjusted" permanent status and not to individuals like Oloteo who entered by visa. *Id.* at 682. We also relied on the distinction between rescission and deportation proceedings. "While deportation ... may follow the rescission of adjusted status, it is not the same remedy nor is it governed by the same procedures." *Id.* at 681–82. That "Congress has chosen to limit rescission proceedings and not deportation proceedings is its prerogative." *Id.* at 683 (footnote omitted).

█ We conclude that section 1256 does not apply to bar deportation proceedings against an adjusted alien. Thus we extend *Oloteo* to exclude application of the five year limitations period to deportation proceedings regardless of the method of the alien's admission. *See In re Belenzo,* 17 I

& N Dec. 374, 384 (Att'y Gen.1981) (five year limitations period not applicable to deportation proceedings against adjusted alien even when deportation is sought for acts committed in procuring the adjustment). "Congress has seen fit to do away with statutes of limitation with regard to deportation proceedings, but in its wisdom has engrafted such a limit to the rescission of status proceeding alone." *Oloteo,* 643 F.2d at 682–83 (footnote omitted). In *Oloteo* we refused to meddle in that decision. *Id.* at 683. Similarly, we again decline to add to the law what Congress has plainly excluded. *See Fedorenko v. United States,* 449 U.S. 490, 517–18, 101 S.Ct. 737, 752–53, 66 L.Ed.2d 686 (1981) (courts are without equitable power to moderate or avoid statutory mandates of the immigration laws). Since this action against Monet is for deportation, the limitations period applicable to rescission does not apply.

█ Finally, Monet contends that, although he may have unlawfully procured his status as a permanent resident alien, he should retain that status until a formal adjudication of the unlawful procurement is made. He relies on *Costello v. I & NS,* 376 U.S. 120, 84 S.Ct. 580, 11 L.Ed.2d 559 (1964). In *Costello* the INS sought to deport a naturalized citizen under a statute providing that any alien may be deported who, after entry, is convicted of two crimes of moral turpitude. *Id.* at 121, 84 S.Ct. at 581. The Court held that the statute was limited to aliens and could not be applied to a person who was a naturalized citizen at the time of the convictions even though he had procured naturalization by willful misrepresentation. *Id.* at 122–28, 84 S.Ct. at 582–85.

Monet argues that, like Costello, he should retain the benefit of his unlawful status. We cannot agree that *Costello* compels such a conclusion. In *Costello* the Court simply sought to decide if Congress intended the term "alien" in the statute to include an individual who was a naturalized citizen. *Id.* at 121, 122 n. 2, 84 S.Ct. at 582 n. 2. There was no issue whether the petitioner had lawfully acquired his natu-

ralized status. In this case, had Congress offered discretionary relief from deportation to "aliens admitted for permanent residence" we might be inclined to apply *Costello* to conclude that Monet would be eligible. Monet is clearly an alien admitted for permanent residence since his status has not been rescinded. But, Congress' inclusion of the requirement in section 1182(c) that the alien be "lawfully admitted" causes us to reject Monet's reliance on *Costello*. We conclude that Monet has failed to demonstrate that he is statutorily eligible for the relief provided by section 1182(c) because he was not lawfully admitted. The BIA did not err in rejecting his application for a waiver.

PETITION DENIED.