33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose LOPEZ-SALAZAR, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70010.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 15, 1994.*
Decided Aug. 16, 1994.
 
 Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Lopez-Salazar petitions for review of a decision by the Board of Immigration Appeals denying his applications for waivers of deportation under Secs. 212(c) and 241(f)(1) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1182(c), 1251(f)(1).[1] After reversing the Immigration Judge's decision granting Lopez-Salazar a waiver under Sec. 241(f)(1), the Board determined that he was ineligible for a Sec. 212(c) waiver. The Board also affirmed the IJ's determination that Lopez-Salazar should be denied Sec. 212(c) relief as a matter of discretion. We have jurisdiction, 8 U.S.C. Sec. 1105a(a), and we deny his petition for review.
 
 
 3
 We review the Board's denial of discretionary relief under Secs. 212(c) and 241(f)(1) for abuse of discretion. Vargas v. Department of Immigration & Naturalization, 831 F.2d 906, 908 (9th Cir.1987); Hernandez-Robledo v. INS, 777 F.2d 536, 540 (9th Cir.1985). We will uphold the Board's decision to deny such relief unless it "fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas, 831 F.2d at 908.
 
 
 4
 Lopez-Salazar first argues that the Board should have granted him relief under Sec. 241(f)(1), thus making him statutorily eligible for a Sec. 212(c) waiver of deportation.[2] We need not address this argument because even if he were eligible for such relief, we hold that the Board did not abuse its discretion in denying Lopez-Salazar's Sec. 212(c) waiver application.
 
 
 5
 Here the Board followed the framework established in Matter of Marin, 16 I. & N.Dec. 581 (BIA 1978), which requires it to "balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section 212(c) relief appears to be in the best interests of this country." Id. at 584. Where the offense giving rise to the deportation order involves drugs, the Board requires the alien to show "unusual or outstanding countervailing equities." Id. at 586 n. 4. We have upheld the Board's use of a higher standard for drug offenders. Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir.1991). We have also recognized that even where the alien has shown unusual or outstanding equities, there are cases in which the adverse considerations are so serious that a favorable exercise of discretion is unwarranted. Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993).
 
 
 6
 In Lopez-Salazar's favor, the Board recognized that he has lived in this country for 18 years, has been married to a U.S. citizen since 1975, has five American-born children, and has been steadily employed throughout most of his residence here. Nevertheless, the Board concluded that these equities, although outstanding, did not warrant an exercise of discretion in his favor. In addition to his three drug-trafficking convictions in 1983, the Board found that Lopez-Salazar had lied to INS officials on several occasions about his green card, and had in fact entered this country in 1974 on the basis of a fraudulent marriage. While recognizing that Lopez-Salazar had presented "persuasive evidence of his self-reform," the Board "remain[ed] unconvinced of his rehabilitative prospects," particularly in view of the fact that he continued to deny his involvement in the drug transaction for which he was convicted.
 
 
 7
 While acknowledging that his deportation would cause some hardship to his family, the Board noted that Lopez-Salazar's wife did manage to care for her children during the 16 months that he was in prison, and there was nothing in the record to indicate that she would be unable to do so in the future. It further found that Lopez-Salazar had lived in Mexico for 20 years before coming to this country and still has family there who could help him readjust to living there.
 
 
 8
 Because the Board considered all the relevant factors and provided a reasoned explanation for its decision, we cannot say that it abused its discretion in denying Lopez-Salazar relief under Sec. 212(c).
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 PREGERSON, Circuit Judge, dissenting
 
 10
 I dissent because I believe that the majority opinion downplays the equities that are in Salazar's favor.
 
 
 11
 First, the majority opinion states that because Salazar's wife managed to care for their children during the 16 months that he was in prison, his deportation would impose minimum hardship for his family. The record does not bear this out. When Salazar was in prison, his family, which included only three children rather than the five he now has, needed public assistance to survive. As the majority opinion notes, the Salazars have received no public assistance since his release. Further, Mrs. Salazar has indicated that she will not return to Mexico if her husband is deported. Thus, we are likely deporting the family's sole means of support and adding more people to the welfare roles.
 
 
 12
 Second, I believe that the testimony of Salazar's two parole officers should have been given more weight. Both officers testified that Salazar should be permitted to remain in the United States because he was likely to be successful in his parole (as he has been for several years), and that he was an asset to his family and community. Further, although Salazar had three drug convictions over eleven years ago, they occurred from a single set of events--helping his cousin sell less than two grams of heroin. While no drug offense should be taken lightly, Salazar's lack of further involvement with law enforcement during the past eleven years should weigh heavily in his favor.
 
 
 13
 In sum, Salazar has lived in this country for twenty years, has an American wife, and five American children. Contrary to the majority's assertion, Salazar's life is here, not in Mexico. One of the main purposes of Sec. 212(c) is to avoid the break-up of families, where the equities dictate. I believe that the BIA placed too much emphasis on the adverse factors of Salazar's conduct that occurred over eleven years ago and not enough on the equities that weigh strongly in his favor.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 241 was amended by the Immigration Act of 1990, and the waiver provision contained in Sec. 241(f)(1) now appears at Sec. 241(a)(1)(H). Because Lopez-Salazar received notice of deportation proceedings prior to March 1, 1991, the amended version of Sec. 241 is inapplicable in the present case. Section Sec. 241(f)(1) authorizes the Attorney General, in her discretion, to waive specific grounds of deportability that were the result of fraud or misrepresentations surrounding an alien's entry into the United States, provided the alien is the spouse, parent, or child of a United States citizen or lawful permanent resident. 8 U.S.C. Sec. 1251(f)(1)
 
 
 [2]
 Although Sec. 212(c) applies on its face only to exclusion proceedings, we have construed it to apply to deportation proceedings as well. Tapia-Acuna v. INS, 640 F.2d 223, 224 (9th Cir.1981). In Monet v. INS, 791 F.2d 752, 753 (9th Cir.1986), we held that Sec. 212(c) "relief is unavailable to an alien who was not lawfully admitted." Lopez-Salazar concedes that he obtained his visa on the basis of a fraudulent marriage. Hence, in the absence of a Sec. 241(f)(1) waiver rendering his admission lawful, he is statutorily ineligible for a waiver of deportation under Sec. 212(c)