94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Evelyn J. TURNER, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70642.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 9, 1996.*
Decided Aug. 14, 1996.
 
 Before: ALARCON, NORRIS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Evelyn Turner appeals the Board of Immigration Appeals' denial of discretionary relief from deportation pursuant to sections 244(A)(1), 212(c), and 212(k) of the Immigration and Nationality Act. 8 U.S.C. § 1254(a)(1) (Supp.1996); id. § 1182(c), (k). In the alternative, Turner argues that the immigration judge should have allowed her to depart voluntarily, pursuant to section 244(e). Id. § 1254(e).
 
 
 3
 We review the BIA's denials of discretionary relief for abuse of discretion. Alaelua v. INS, 45 F.3d 1379, 1381 (9th Cir.1995); Rashtabadi v. INS, 23 F.3d 1562, 1566 (9th Cir.1994). Because we do not review evidence that was not before the immigration judge, Gomez-Vigil v. INS, 990 F.2d 1111, 1113 (9th Cir.1993), we do not consider Turner's argument in support of her § 244(A)(1) claim for suspension of deportation on the ground of extreme hardship to an American citizen husband she married after the hearing at which the immigration judge denied her discretionary relief.
 
 
 4
 The BIA did not abuse its discretion in finding that Turner was ineligible for a § 212(k) waiver of inadmissibility. For the waiver to apply, section 212(k) requires that Turner demonstrate that she did not know she could not live in the United States legally. 8 U.S.C. § 1182(k) (Supp.1996). But Turner admitted that she had a death certificate forged for her Filipino husband and that she used the forged certificate to apply for adjustment of her immigration status when she "married" (illegally) an American citizen. Turner's admission of fraudulent entry obviates her claim that § 212(k) should apply to her.
 
 
 5
 Similarly, Turner is not eligible for § 212(c) relief because her fraudulent use of the forged death certificate prevented her from being lawfully admitted to this country, as required by the statute. 8 U.S.C. § 1182(c); see Monet v. INS, 791 F.2d 752, 753 (9th Cir.1986).
 
 
 6
 Finally, the BIA did not abuse its discretion when it decided not to disturb the immigration judge's denial of voluntary departure to Turner. Turner's fraudulent entry into this country, continued use of fraud to remain in the country, and inconsistent answers at her deportation hearing supported the immigration judge's decision to deny her voluntary departure. See Villanueva-Franco v. INS, 802 F.2d 327, 329 (9th Cir.1986).
 
 
 7
 Turner's claims for discretionary relief are DENIED. The BIA's decision is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3