Alfonso VALENTE–NARCIZO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–72519.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2005.*

Decided July 18, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Robin Chandler Carr, Esq., Law Offices of Robin Carr, San Diego, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jamie M. Dowd, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, D.W. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Alfonso Valente–Narcizo appeals the decision of the Board of Immigration Ap-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

peals (BIA) summarily affirming a decision of an Immigration Judge (IJ) finding him ineligible for relief under the former Immigration and Nationality Act (INA) § 212(c), 8 U.S.C. § 1182(c) (1996). Alternatively, Valente asks this court to find that the government was estopped from instituting removal proceedings against him. We find that both arguments fail and affirm the BIA.

On December 15, 1987, Valente became a lawful temporary resident under the Special Agricultural Workers (SAW) program. *See* 8 U.S.C. § 1160. On January 31, 1989, Valente pled guilty to rape by force or fear under California Penal Code § 261(a)(2). After this conviction, on December 1, 1990, Valente's temporary status was automatically converted into lawful permanent resident status (LPR) under the SAW program's adjustment provisions. *See* 8 U.S.C. § 1160(a)(2). In 1998, based on his rape conviction, the Immigration and Naturalization Service (INS)[1] instituted removal proceedings against Valente.

We have jurisdiction to review Valente's claims. The REAL ID Act restores this court's jurisdiction to review constitutional claims and questions of law presented in petitions for review of final removal orders even if the alien has been convicted of an aggravated felony. REAL ID Act § 106(a)(1)(A)(iii) (amending INA § 242, 8 U.S.C. § 1252, by adding § 1252(a)(2)(D)); *see also Fernandez–Ruiz v. Gonzales,* 410 F.3d 585, 587 (9th Cir.2005).

■ Valente argues that the INS should be estopped from charging him with removal based on his rape conviction because his removal would amount to an impermissible rescission of his LPR status. According to 8 U.S.C. § 1256(a), the INS may rescind the LPR status of any alien within five years if the status was improperly granted. Essentially, Valente asks this court to conclude that the INS was time-barred from initiating removal proceedings against him because it failed to rescind his LPR status within five years. The INS's failure to rescind Valente's LPR status "at most reflects negligence on the part of the INS and not affirmative misconduct." *Cortez–Felipe v. INS,* 245 F.3d 1054, 1057 (9th Cir.2001); *see also Monet v. INS,* 791 F.2d 752, 754 (9th Cir.1986) (holding that rescission did not prevent the INS from bringing deportation proceedings after the five-year period for rescission had run). As such, estoppel is not appropriate.

■ Valente argues that the expanded aggravated felony definition in the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996 cannot be applied retroactively to him because at the time he pled guilty his conviction was not considered an aggravated felony. Pub.L. No. 104–208, § 321, 110 Stat. 3009, 3627; 8 U.S.C. § 1101(a)(43) (1996). However, Valente concedes as he must, that his rape conviction falls under the expanded aggravated felony definition currently in force. It is without question that in the civil context, Congress has the ability to legislate retroactively so long as it unambiguously indicates its intention to do so. *Landgraf v. USI Film Prods.,* 511 U.S. 244, 272–73, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). In IIRIRA § 321(b), Congress clearly expressed its intention to apply the expanded definition of aggravated felony retroactively. IIRIRA § 321(b) ("Notwithstanding any other provision of law (including any effective date), the term [aggravated felony] applies regardless of

---

**1.** On March 1, 2003, the INS was dissolved as an independent agency within the United States Department of Justice and its functions were transferred to the Department of Homeland Security. Homeland Security Act of 2002, Pub.L. No. 107–296, 116 Stat. 2135, 2192, 2205.

whether the conviction was entered before, on, or after the date of enactment of this [amendment]."); *see also INS v. St. Cyr,* 533 U.S. 289, 318–19, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (finding that Congress clearly expressed an intention that § 321(b) be applied retroactively). His argument therefore is without merit.

■ Lastly, although we retain jurisdiction to review the non-discretionary statutory predicates for discretionary relief, including relief under the former INA § 212(c), on the merits Valente must lose. This relief "is unavailable to an alien who was not lawfully admitted." *Monet,* 791 F.2d at 753. The term "lawfully admitted" in this statute "denotes compliance with substantive legal requirements, not mere procedural regularity." *Id.* (quotation omitted). Therefore, the fact that Valente was procedurally adjusted from temporary to LPR status under the SAW program does not mean that he can be considered "lawfully admitted" for the purposes of establishing seven years of continuous residence, as required for § 212(c). When LPR status is granted in error the seven-year period does not accrue. *Id.* The IJ correctly determined that Valente is ineligible for this relief.

### PETITION DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.