United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-20047
Summary Calendar
_____

KESINGTON OLAJIDE OSILAJA,

Petitioner - Appellant,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL; MICHAEL
CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY,

Respondents - Appellees.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
No. A90 969 061

_____

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[1]

Kesington Olagide Osilaja seeks review[2] of the order requiring

his removal. He contends that the Board of Immigration Appeals

_____

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] We note that Osilaja originally sought review of the BIA
order in the district court in a habeas action.  However, during
the pendency of the appeal from the district court Congress passed
the REAL ID Act, effective March 11, 2005, which abolished habeas
jurisdiction in certain circumstances (including those presented
here)and provided jurisdiction for review in the Circuit Courts.
Consequently, under Rosales v. Bureau of Immigration and Customs
Enforcement, "habeas petitions on appeal as of May 11, 2005, such
as [Osilaja's], are properly converted into petitions for review."
426 F.3d 733, 736 (5th Cir. 2005).  Thus we treat Osilaja's appeal
as a timely petition for review of the BIA's decision.

(BIA) wrongfully found him statutorily ineligible for discretionary relief from deportation under former § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). Reviewing the record de novo and giving deference to the BIA's permissible interpretations, see INS v. Aquirre-Aquirre, 526 U.S. 415, 424 (1999), we affirm for the following reasons:

1. Former § 212(c) limits eligibility for discretionary relief to "aliens lawfully admitted for permanent residence." See 8 U.S.C. § 1182(c). Where permanent residency status is obtained by false pretenses the "legally admitted for permanent resident" requirement of former § 212(c) is not met. See, e.g., Matter of Longstaff, 716 F.2d 1439, 1441 (5th Cir. 1983) (holding that "[a]dmission is not lawful if it is regular only in form. The term 'lawfully' denotes compliance with substantive legal requirements, not mere procedural regularity."); Rodriquez v. Ashcroft, 58 Fed. Appx. 596, 2003 WL 261829 (5th Cir. Jan. 20, 2003); see also Monett v. INS, 791 F.2d 752, 753-54 (9th Cir. 1986) (citing Longstaff and finding that Monett was never "lawfully admitted for permanent residence" and thus failed to meet the requirement of § 212(c) because he concealed his drug trafficking conviction).

2. The undisputed facts are that Osilaja was admitted in 1988 for temporary residence, not permanent residence as he asserts. In 1992 Osilaja applied for and obtained permanent residency status. However, Osilija obtained this status by

concealing his 1990 narcotics convictions. Thus, because the 1992 grant of permanent residency was based on fraud, it fails to satisfy the "lawfully admitted for permanent resident" requirement of former § 212(c).

3.    Because Osilaga fails to meet the eligibility requirements for relief under the former § 212(c), the BIA was not in error in denying Osilaga the relief he requested and, consequently, the petition for review is

DENIED.