Jose Cruz **TRINIDAD–CONTRERAS,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–71598.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2006.*

Filed Oct. 20, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

944

Robert G. Berke, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, U.S. Department of Justice Civil Division/Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMPSON, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM [**]

Jose Cruz Trinidad–Contreras petitions for review from the Board of Immigration Appeals' (BIA) affirmance of the Immigration Judge's (IJ) determination that he was ineligible for relief from removal under § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c)(repealed 1996), because he was convicted of a felony in 1990 while his application for legal permanent resident (LPR) status was pending. Trinidad–Contreras argues that (1) his plea which resulted in the disqualifying conviction was unlawfully obtained, (2) the Department of Homeland Security (DHS) is statutorily time-barred and equitably estopped from removing him, and (3) his removal violates his right to equal protection.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252.[2]

We review non-discretionary eligibility determinations for relief from removal and due process challenges in immigration proceedings de novo. *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003) (exercising de novo review to due process challenge); *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir. 2002) (exercising de novo review over non-discretionary eligibility determination). We review the IJ's streamlined decision as the final agency opinion. *Falcon Carriche*

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Trinidad–Contreras does not challenge the agency's legal conclusion that his 1990 controlled substance conviction resulted in unlawful permanent resident status, precluding his eligibility for § 212(c) relief under *Monet v. INS*, 791 F.2d 752 (9th Cir.1986). Nevertheless, we note that *Perez–Enriquez v. Gonzales*, 463 F.3d 1007 (9th Cir.2006) (en banc), does not affect the outcome of this case be-

cause it involved an alien who adjusted his status under the special agricultural worker provisions of the Immigration and Nationality Act, 8 U.S.C. § 1160(a), not through amnesty.

2. Respondent's jurisdictional challenge is moot in light of the REAL ID Act of 2005, which eliminated habeas jurisdiction over final orders of removal and made a petition for review filed with an appropriate court of appeals the sole and exclusive means for judicial review of such orders. REAL ID Act § 106(a) (amending 8 U.S.C. § 1252).

*v. Ashcroft,* 350 F.3d 845, 855 (9th Cir. 2003).

Trinidad–Contreras argues that his 1990 Los Angeles County controlled substance conviction—disqualifying him from § 212(c) relief—is invalid because certain provisions of the Immigration and Nationality Act are confusing, particularly to a person who is not a native English speaker. He also argues that his 1990 conviction is invalid because his plea of guilty was made in reliance on his eligibility for § 212(c) relief.

■ Trinidad–Contreras is not entitled to relief from removal based on these arguments because they are collateral attacks on his state court conviction and he cannot advance such collateral attacks in immigration proceedings, much less on review of the proceedings before this court. *Urbina–Mauricio v. INS,* 989 F.2d 1085, 1089 (9th Cir.1993) (holding alien cannot attack propriety of state conviction in court of appeals on review from the BIA decision); *De la Cruz v. INS,* 951 F.2d 226 (9th Cir.1991) (holding IJ lacked authority to consider collateral ineffective assistance of counsel challenge to state criminal conviction).

■ Trinidad–Contreras argues that DHS is statutorily barred from bringing removal proceedings against him because it failed to rescind his LPR status within five years of his adjustment date, under 8 U.S.C. § 1256. He acknowledges that the statute was amended in 1996 to clarify that rescission proceedings are not a prerequisite to removal proceedings, but he argues that the pre–1996 statute should apply to him because it governed at the time of his adjustment of status.

This argument is meritless. The 1996 amendment essentially codified our holding in *Monet v. INS,* 791 F.2d 752, 754 (9th Cir.1986), that the pre–1996 statute did not bar deportation proceedings against an adjusted alien after the statute

of limitations expired. So under either former or current § 1256, the five-year statute of limitations to bring rescission proceedings does not preclude the commencement of removal proceedings against Trinidad–Contreras.

■ Trinidad–Contreras also argues that the government should be estopped from asserting his ineligibility for § 212(c) relief because "the statute . . . is incomprehensible to an immigrant of ordinary intelligence," and because there was confusion during the immigration proceedings over both the date of his criminal conviction and the date he was granted LPR status.

This argument fails because it merely is an attempt to overcome the well-settled principle that ignorance of the law is no defense. *See Fed'l Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 385, 68 S.Ct. 1, 92 L.Ed. 10 (1947) (explaining that regulations are binding regardless of actual knowledge or the hardship resulting from innocent ignorance). Moreover, Trinidad–Contreras has not made the requisite showing for the application of estoppel because he has not met his burden of showing that the government engaged in affirmative misconduct by deliberately lying to him or engaging in "a pattern of false promises." *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1184 (9th Cir.2001) (en banc).

■ Trinidad–Contreras' final argument is that his equal protection rights were violated because he—an alien who was convicted of a felony while his application to adjust his status to LPR was pending—was treated differently from a lawfully admitted permanent resident.

The Equal Protection Clause applies to aliens. *Yick Wo v. Hopkins,* 118 U.S. 356, 369, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). The government must demonstrate a rational basis for treating similarly situated aliens disparately. *Reno v. Flores,* 507

946

U.S. 292, 306, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). A legislative classification must be "wholly irrational" to violate equal protection. *Mathews v. Diaz*, 426 U.S. 67, 83, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976).

We have rejected equal protection challenges similar to the challenge advanced by Trinidad–Contreras. *Ram v. INS*, 243 F.3d 510, 517 (9th Cir.2001), held that there was no equal protection violation where aliens from war torn countries were treated differently from other aliens. *Taniguchi v. Schultz*, 303 F.3d 950, 957 (9th Cir.2002), held that there was no equal protection violation where Congress favored non-LPR aggravating felons over LPR aggravated felons. *Raya–Ledesma v. INS*, 55 F.3d 418, 420 (9th Cir.1995), held that there was no equal protection violation where, in the context of § 212(c) relief, an LPR who had held such status for seven years was treated differently from an LPR who had held that status for less than seven years. And *Yao v. INS*, 2 F.3d 317 (9th Cir.1993), held that there was no equal protection violation where applicants for LPR status under the amnesty act were treated more favorably than special agricultural worker LPR applicants.

In line with our precedent, we conclude that Congress' decision to favor LPRs over applicants for LPR status for § 212(c) purposes is not wholly irrational and therefore not a violation of the Equal Protection Clause.

The petition for review is **DENIED.**