**Juan FERNANDEZ–RODRIGUEZ,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

Nos. 05–70866, 05–73261.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007.*

Filed June 15, 2007.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo a Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John R. Cunningham, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

In these consolidated cases, Juan Fernandez–Rodriguez, a native and citizen of Mexico, petitions for review of two Board of Immigration Appeals ("BIA") orders. In the first order, the BIA denied his motion to remand in order to apply for a waiver of inadmissibility under former section 212(c) and affirmed the immigration judge's ("IJ") order pretermitting his application for cancellation of removal. In the second order, the BIA denied his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review de novo legal questions and due process claims, *Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1163 (9th Cir.2006), and review for abuse of discretion the denial of a motion to reconsider, *Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005). We deny in part and dismiss in part the petition for review in No. 05–70866, and we deny the petition for review in No. 05–73261.

Under 8 C.F.R. § 210.4(d)(1), the temporary resident status of a special agricultural worker ("SAW") is terminated automatically "upon [an IJ's] entry of a final order of deportation." *Compare Perez–Enriquez v. Gonzales,* 463 F.3d 1007, 1010 (9th Cir.2006) (en banc) (holding that the petitioner was lawfully admitted as a permanent resident because the government failed affirmatively to terminate his status under 8 U.S.C. § 1160(a)(3)(A)). Unlike the petitioner in *Perez–Enriquez,*

ed by 9th Cir. R. 36–3.

246

who became a temporary resident, committed a deportable crime, adjusted to permanent resident status as a SAW, and was only then put in removal proceedings, a 1990 deportation order was entered against Fernandez–Rodriguez before he adjusted to permanent resident status. This deportation order triggered the automatic revocation of his temporary status. Fernandez–Rodriguez was thus not "lawfully" admitted as a permanent resident and was not eligible for a 212(c) waiver at the time of his 2000 removal proceedings. *See Monet v. INS,* 791 F.2d 752, 753 (9th Cir.1986) (defining the term "lawfully" to denote "compliance with substantive legal requirements, not mere procedural regularity") (internal quotations and citation omitted).

We lack jurisdiction over Fernandez–Rodriguez's argument that his due process rights were violated at his 1990 deportation hearing because the IJ failed to advise him that he might be eligible for a 212(c) waiver, as Fernandez–Rodriguez never filed a petition for review of that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

The BIA did not abuse its discretion in denying Fernandez–Rodriguez's motion to reconsider because he did not demonstrate legal or factual error in the BIA's dismissal of his appeal. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir. 2001) (en banc) (the purpose of a motion to reconsider is to demonstrate that the agency erred as a matter of law or fact).

**No. 05–70866: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

**No. 05–73261: PETITION FOR REVIEW DENIED.**