Gilberto **LOPEZ–AVALOS**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 06–72912.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2008.

Filed April 16, 2008.

Sarnata Reynolds, Ali Saidi, Law Office of Ali Saidi, Berkeley, CA, for Petitioner.

Mary Jane Candaux, W. Manning Evans, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, RAWLINSON, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Gilberto Lopez–Avalos petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his administrative appeal from an Immigration Judge's (IJ) finding that he is removable from the United States. We deny the petition.

I

Contrary to Lopez–Avalos's contention, it was not necessary for the government first to initiate rescission proceedings. As 8 U.S.C. § 1256(a) indicates on its face, the government is *not* required to rescind an alien's status prior to commencement of procedures to remove him; and an order of removal issued by an IJ is sufficient to rescind the alien's status.[1] Thus, the IJ did not lack jurisdiction.

II

The IJ did not err in finding that Lopez–Avalos was not lawfully admitted for permanent residence in 1990. Lopez–Avalos's declaration stated that he became a Legal Permanent Resident on May 18, 1990. His convictions occurred prior to that date, thereby rendering him ineligible for adjustment to lawful permanent residence status. *See* 8 U.S.C. § 1255a(b)(1). As Lopez–Avalos was not eligible for lawful permanent residence status when his application was approved, he was never

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We lack jurisdiction over Lopez–Avalos's argument based on his status as a lawful tempo-

rary resident before adjustment to lawful permanent resident, as it was not raised to the BIA. It is, therefore, unexhausted. 8 U.S.C. § 1252(d)(1).

lawfully adjusted to that status. *See Monet v. INS,* 791 F.2d 752, 753 (9th Cir.1986).

PETITION DENIED.