**Jaime ALVAREZ–ORNELAS,
Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 06–74622.

United States Court of Appeals,
Ninth Circuit.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted July 22, 2008.*

Filed Aug. 7, 2008.

Thomas Spaniolo, Law Office of Thomas Spaniolo, Chandler, AZ, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Paul F. Stone, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Jaime Alvarez–Ornelas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision pretermitting his application for lawful permanent resident cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law, including due process claims. *Agyeman v. INS*, 296 F.3d 871, 876 (9th Cir.2002). We deny the petition for review.

We agree with the BIA's conclusion that Alvarez–Ornelas is ineligible for cancellation of removal because he lacked five years of lawful permanent residence. *See* 8 U.S.C. § 1229b(a)(1); *Monet v. INS*, 791 F.2d 752, 753 (9th Cir.1986) (defining the term "lawfully" to denote "compliance with substantive legal requirements, not mere

procedural regularity") (internal quotation marks and citation omitted). The BIA determined that because Alvarez–Ornelas testified he first entered the United States in 1987, he could not have lawfully adjusted his status under the Special Agricultural Worker ("SAW") statute. *See* 8 U.S.C. § 1160(a)(1)(B) (a SAW applicant must establish that he performed at least 90 days of seasonal agricultural service during the twelve-month period ending May 1, 1986). Contrary to Alvarez–Ornelas' contentions, the IJ did not redetermine Alvarez–Ornelas' adjustment of status, instead concluding that he was ineligible for relief. *See Monet*, 791 F.2d at 754–55.

Alvarez–Ornelas' contention that he was denied a full and fair hearing is not supported by the record.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.