**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| EFREN RIOS-ORTEGA, | No. 06-75686 |
| Petitioner, | |
| | Agency No. A092-134-420 |
| v. | |
| | MEMORANDUM [*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 5, 2010
Pasadena, California

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and BLOCK, [**]
District Judge.

Efren Rios-Ortega ("Rios") petitions for review of the decision of the Board

of Immigration Appeals ("BIA") finding him subject to removal under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

§ 1227(a)(1)(A). Rios also challenges the BIA's conclusions that he was not eligible for cancellation of removal under 8 U.S.C. § 1229b or relief pursuant to 8 U.S.C. § 1182(c) (1994) (repealed 1996). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

At the time Rios applied for an adjustment of status, the law directed immigration officials to exclude aliens who had been convicted of a "crime involving moral turpitude." 8 U.S.C. § 1182(a)(9) (1988). However, the statute gave the Attorney General discretionary authority to grant admission to an alien who had been convicted of a crime involving moral turpitude if the "sentence actually imposed did not exceed a term of imprisonment in excess of six months." *Id.* The BIA did not err in concluding that the 365 days of imprisonment imposed as a condition of probation under California Penal Code section 1203.1(a)(2) qualified as a term of imprisonment in excess of six months. Likewise, the San Diego County Superior Court's subsequent decision to declare the offense a misdemeanor pursuant to California Penal Code section 17(b)(3) does not negate the fact that Rios served ten months in county jail.

The BIA also did not err when it determined that Rios was ineligible for either cancellation of removal under 8 U.S.C. § 1229b or relief under former 8

U.S.C. § 1182(c).  Pursuant to both sections, an alien must be "lawfully admitted for permanent residence" to qualify for relief.  *See* 8 U.S.C. §1229b(a)(1); *id.* § 1182(c).  Rios does not satisfy that requirement because he had been convicted of a crime involving moral turpitude when he applied for an adjustment of status, making his subsequent admission unlawful.  *See Hing Sum v. Holder*, No. 05-75776, 2010 WL 1630859, *4 (9th Cir. Apr. 23, 2010) (citing *Monet v. INS*, 791 F.2d 752, 753 (9th Cir. 1986)).

Rios's petition for review is

**DENIED.**