**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO ROJAS-MALDONADO, | No. 11-72233 |
| Petitioner, | Agency No. A038-087-424 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2015
San Francisco California

Before: HAWKINS, PAEZ, and BERZON, Circuit Judges.

Sergio Rojas-Maldonado, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals's (hereinafter "the Board") dismissal

of his appeal of an Immigration Judge's (IJ) denial of his application for relief

under former Immigration and Nationality Act § 212(c), 8 U.S.C. § 1182(c).  An IJ

granted Rojas such relief in 1992, but the legacy Immigration and Naturalization

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Service appealed and, in 1997, following the passage of the Antiterrorism and Effective Death Penalty Act of 1996, the Board denied Rojas 212(c) relief on the ground that it had been eliminated by statute. A lengthy procedural history ensued, but, in 2008, the Board granted Rojas's motion to reopen and remanded his case to an IJ for a determination of his eligibility "in the first instance." On remand, the IJ, at a status conference, determined that Rojas was statutorily pretermitted from obtaining 212(c) relief and ordered him deported.

On appeal, the Board concluded that Rojas was ineligible for 212(c) relief. The Board noted that, to render his 1983 entry as a lawful permanent resident "lawful" for the purposes of accruing the seven years of unrelinquished lawful domicile necessary to obtain 212(c) relief, Rojas would need to cure any grounds of inadmissibility to which he was subject at the time of his application for admission. The Board held that Rojas needed a waiver for having committed fraud in obtaining a visa, but that he would only be eligible for that waiver if he had not been inadmissible for any other reason. The Board concluded Rojas was also inadmissible for having re-entered the country within five years of a deportation without advance permission from the Attorney General, and thus not eligible for the fraud waiver or, therefore, 212(c) relief.

The Board did not expressly adopt the IJ's ruling, but rather conducted an independent review of the record. Therefore, our review is confined to the Board's decision and the reasoning underlying it. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006); *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency. If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case.").

The Board erred in concluding that Rojas needed a fraud waiver. The IJ never took the necessary predicate step of finding that Rojas had in fact committed fraud. Rather, both the IJ and the Board assumed that, because he failed to disclose his prior deportation at the time he applied for lawful permanent residence in 1983, Rojas was excludable under former 8 U.S.C. § 1182(a)(19)(1982), for having "procured a visa or other documentation . . . by fraud, or by willfully misrepresenting a material fact." However, in order for an applicant to be excludable under the fraud bar, the misstatement must have been "deliberate and voluntary." *Forbes v. I.N.S.*, 48 F.3d 439, 442 (9th Cir. 1995). "Proof of an intent to deceive is not required. Rather, knowledge of the falsity of a representation is sufficient." *Id.* (internal citation omitted).

3

Neither the BIA nor the IJ applied the "deliberate and voluntary" standard, and neither considered whether Rojas knew that the information on his application was false, despite evidence in the record that he did not. Rather, both concluded that the omission alone constituted fraud.

In failing to assess whether Rojas's omission was "deliberate and voluntary," and whether Rojas *knowingly* omitted his prior deportation, the Board erred. The dissent would affirm because it concludes that Rojas was independently inadmissible for having reentered without advance permission within five years of having been deported. However, the Board did not consider whether Rojas might be eligible for a *nunc pro tunc* waiver absent his inadmissibility for fraud. He may not be, but because the Board's holding that Rojas was ineligible for 212(c) relief depended on its conclusion that he was ineligible for a fraud waiver, we must remand.

**Petition GRANTED and REMANDED**.

4

Rojas-Maldonado v. Holder, No. 11-72233

HAWKINS, Senior Circuit Judge, dissenting:

I respectfully dissent. Had the Board denied Rojas-Maldonado relief under former INA § 212(c) solely because he committed fraud in obtaining a visa, I would join my colleagues in remanding this matter for application of the proper mens rea standard for fraud. It did not. The Board denied relief on a valid ground independent of the issue of fraud.

An applicant is only eligible for § 212(c) relief if he is "lawfully admitted," *Monet v. I.N.S.*, 791 F.2d 752, 753 (9th Cir. 1986), and has accumulated seven years of lawful domicile in the United States. *See United States v. Lopez-Velasquez*, 629 F.3d 894, 898 (9th Cir. 2010). Rojas was excludable when he entered the United States in 1983 under 8 U.S.C. § 1182(a) (1982) because he had been deported in December 1977 and both entered the United States and applied for LPR status less than five years later without permission. As a result, independent of fraud, Rojas was not lawfully admitted and had not begun accruing years of lawful domicile for purposes of § 212(c) relief. The Board correctly denied relief on this basis.

The majority remands this case because the Board's holding "depended on its conclusion that [Rojas] was ineligible for a fraud waiver." This view is technically correct but it does not comprehensively depict the Board's holding. That Rojas was "not a lawful permanent resident as of the date of his entry and [] did not accrue 7

years of lawful permanent residence" hinges on fraud waiver eligibility *and* the unlawful reentry. Although the unlawful reentry bars a fraud waiver, making it technically correct that the holding "depended" on Rojas' ineligibility, it is equally valid that the holding "depended" on the unlawful reentry.

On this point, the majority is silent. The Board correctly determined that the unlawful reentry made Rojas excludable. The majority takes issue not with this finding, but rather the Board's failure to apply the proper mens rea test for fraud. While it is true that the Board did not explain or apply this test, such an omission does not constitute error or was, at most, harmless error because a fraud waiver is only available if an applicant is otherwise admissible, 8 U.S.C. § 1251(a)(1)(H)(ii) (1992), and Rojas was not. Thus, a fraud waiver was not viable, and the Board had no reason to engage in a lengthy discussion of Rojas' mental state when he applied for a visa.[1]

---

[1] An immigration judge cannot grant nunc pro tunc waivers to cure an unlawful entry ground of excludability in conjunction with an application for 212(c) relief. *In re Garcia-Linares*, 21 I. & N. Dec. 254, 258 (BIA) (1996). So, even if the Board had not considered eligibility for a nunc pro tunc waiver if Rojas had not committed the fraud, it would not have erred because Rojas remained deportable for the aggravated felony. Nor was it error for the Board to fail to consider a waiver not available under its precedent. The majority's argument that the Board did not consider the eligibility seems at least debatable. The Board cited the IJ's express determination that *Garcia-Linares* "discusses the fact that an individual who was deported and who enters with a visa later cannot file a nunc pro tunc request for a waiver under the I-212 form and a 212(c) waiver application together." The IJ did not expressly deny the waiver, but certainly appears to have considered the possibility.

An independent ground renders Rojas unable to meet the requirements of § 212(c) relief.