**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ACELA ARECHIGA-PENA, AKA Sara Leticia Perales, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-71944 <br><br> Agency No. A047-319-188 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Maria Acela Arechiga-Pena, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision pretermitting her application for cancellation of

removal under 8 U.S.C. § 1229b(a).  We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252.  We review de novo questions of law.  *Monet v. INS*, 791 F.2d 752, 753 (9th Cir. 1986).  We deny the petition for review.

Arechiga-Pena concedes that under controlling precedent lawful permanent resident status granted by fraud or mistake is void ab initio.  *See Shin v. Holder*, 607 F.3d 1213, 1217 (9th Cir. 2010)  ("Although the facts of [prior cases] involve acts of personal fraud or misrepresentation, their holdings broadly deem all grants of LPR status that were not in substantive compliance with the immigration laws to be void ab initio.");  *Monet*, 791 F.2d at 753 ("Admission is not lawful if it is regular only in form.  The term 'lawfully' denotes compliance with substantive legal requirements, not mere procedural regularity[.]" (citation and quotation marks omitted)).   We decline Arechiga-Pena's request to limit that precedent to cases where permanent resident status was granted by fraud alone.  *See United States v. Vasquez-Ramos*, 531 F.3d 987, 991 (9th Cir. 2008) ("We are bound by circuit precedent unless there has been a substantial change in relevant circumstances, or a subsequent en banc or Supreme Court decision that is clearly irreconcilable with our prior holding." (internal citations omitted)).

Arechiga-Pena's contentions regarding 8 U.S.C. § 1256 and rescission are foreclosed by this court's holding in *Monet v. INS*, where we noted that § 1256 pertains to rescission of permanent resident status, and "does not apply to bar

deportation proceedings against an adjusted alien" and therefore we "exclude[d] application of the five year limitations period to deportation proceedings regardless of the method of the alien's admission." *Monet*, 791 F.2d at 754.

**PETITION FOR REVIEW DENIED.**