NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 2 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEANLIM YITH; SEAK LEANG YITH, | No. 22-15154 |
| Plaintiffs-Appellants, | D.C. No. 1:14-cv-01875-DAD-SKO |
| v. | |
| MELISSA MAXIM, in her Capacity as District Director U.S. Citizenship and Immigration Services; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted January 25, 2023
San Francisco, California

Before: GOULD, RAWLINSON, and BRESS, Circuit Judges.

Plaintiffs-Appellants and siblings Seanlim and Seak Leang Yith ("the

Yiths") immigrated to the United States from Cambodia when minors. The Yiths'

entry was based on their father's marriage to a United States citizen, Sarin Meas.

The district court found that the Yiths' father's marriage to Meas was not valid for

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

immigration purposes and held that the Yiths did not meet their burden of establishing that they were lawfully admitted as permanent residents of the United States. Because the parties are familiar with the facts, we will not expand on them here in further detail. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review the district court's factual findings, including whether a marriage is *bona fide*, for clear error. *See In re Grand Jury Proceedings*, 777 F.2d 508, 509 (9th Cir. 1985) (per curiam); *see also Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005). Other issues in the case are reviewed for abuse of discretion: (1) whether the witness, Sarin Meas, was unavailable within the meaning of Federal Rule of Evidence 804, *see United States v. Yida*, 498 F.3d 945, 952 (9th Cir. 2007); (2) whether the district court erred by admitting Sarin Meas's statements, *United States v. Magana-Olvera*, 917 F.2d 401, 407 (9th Cir. 1990); (3) whether the district court erred by allowing or excluding evidence based on hearsay, *Calmat Co. v. U.S. Dep't Lab.*, 364 F.3d 1117, 1122 (9th Cir. 2004); (4) whether the district court erred in controlling questioning at trial, *United States v. Archdale*, 229 F.3d 861, 865 (9th Cir. 2000); and (5) whether the district court erred by denying the Yiths' motions *in limine*, *United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016).

1. The district court applied the correct legal standard for marriage-based permanent residency. "There is no set formula to be applied in determining

2

whether a marriage was entered into in good faith." *Damon v. Ashcroft*, 360 F.3d 1084, 1089 (9th Cir. 2004). The "central question" is whether, at the time of marriage, the parties intended to establish a life together. *Id.* at 1088. The party seeking to rely on the marriage bears the burden of presenting "objective evidence" of an intent to establish a life together. *See id.* at 1089. Appellants contend that the district court misapplied the standard by interjecting its own judgment into the test for intent to establish a life together. But the district court correctly considered the types of "objective evidence" that we have held proper in determining whether a marriage was *bona fide*. *See id.* at 1088.

Here, the evidence shows that Neth Yith and Meas never shared bank accounts, insurance policies, leases, or mortgages; never jointly owned property; never lived together independently; and contradicted one another regarding whether they lived together at the home of Meas's parents for a week after the marriage of Neth and Meas. This evidence supported the district court's finding that the marriage was not *bona fide*.

2. The district court applied the correct burden of proof under 8 U.S.C. §§ 1427 and 1429. Applicants for naturalization bear the burden of establishing that their admission was lawful beyond being "regular only in form." *Monet v. I.N.S.*, 791 F.2d 752, 753 (9th Cir. 1986). "The term 'lawfully' denotes compliance with substantive legal requirements[.]" *Id.* The Yiths had the burden

3

of establishing that they were "lawfully admitted" in "compliance with substantive legal requirements." *See id.* Because their legal permanent resident status depended on their father's marriage to Meas, the validity of that marriage was a "substantive legal requirement" for their lawful admission to the United States.

3. The district court did not abuse its discretion in finding that Meas was an unavailable witness and that it could admit her deposition statements as former testimony. Fed. R. Evid. 804(b)(1). For a declarant to be an "unavailable witness," the party offering the statement must show that they were unable "by process or other reasonable means" to procure the declarant's attendance at trial. Fed. R. Evid. 804(a)(5). Appellees made a "good-faith effort" to secure Meas's presence by: (1) serving her with a trial subpoena at her home, (2) sending her an email about her duty to attend the trial, (3) offering to pay for her travel expenses and a *per diem*, and (4) reminding her of possible contempt sanctions for refusal to comply with the subpoena. *See Barber v. Page*, 390 U.S. 719, 725 (1968).

4. The district court did not abuse its discretion by overruling Appellants' hearsay objections and admitting the statements made by Luz Franco. Hearsay is an out-of-court statement offered for the truth of the matter asserted and is presumed to be inadmissible in court. Fed. R. Evid. 801(c),802. Here, even if Franco's testimony was erroneously admitted hearsay, the error was harmless. *See United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991). The district court

never cited Franco's statements to support its conclusion about the legitimacy of the marriage between Neth and Meas.

5. The district court did not abuse its discretion in how it controlled the questioning of witnesses. The Yiths objected to two questions during Meas's deposition on the basis that they were "leading questions." But the Federal Rules of Evidence permit leading questions on direct "as necessary to develop the witness's testimony." Fed. R. Evid. 611(c). There was no abuse of discretion by the district court in permitting the use of leading questions as necessary to develop Meas's testimony because Meas was "reticent" in response during her deposition.

6. The district court did not abuse its discretion in denying Appellants' motions *in limine*. The Yiths' motions primarily pertained to their contentions about the burden of proof and burden-shifting. However, the district court properly assigned the burden of proof to the Yiths. The district court correctly denied the Yiths' motions *in limine*, and the Yiths were not prevented from presenting a complete defense. *See Alvirez*, 831 F.3d at 1125.

**AFFIRMED.**